**F. P. PICKENS, Appellants,**

v.

**J. C. ALSUP, Trustee, et al., Appellees.**

No. 12771.

Court of Civil Appeals of Texas,
Austin.

July 26, 1978.

Rehearing Denied Aug. 2, 1978.

Brantly Harris, Prappas, Moncure, Harris
& Termini, Houston, for appellants.

Phil Mockford, Austin, for appellees.

O'QUINN, Justice.

F. P. Pickens brought this lawsuit in September of 1975 for sums claimed due additionally from a profit sharing plan in force under former employment and for pre-

judgment interest and reasonable attorney's fees. The trial court awarded Pickens recovery of part of the additional money claimed due from the profit sharing plan, but denied recovery of interest and attorney's fees.

Pickens was employed by Southwest Auto-Chlor System, Inc., from 1948 until May of 1973 when he resigned. During employment with Southwest, Pickens became a participant in the Southwest-Chlor, Inc., Profit Sharing Plan, of which J. C. Alsup was trustee, later joined by American National Bank, also a party defendant in this suit. Pickens alleged that when he left employment of Southwest in 1973 he was underpaid for vested interest in the plan because real estate belonging to the plan was undervalued by the trustees.

The trial court, sitting without a jury, entered judgment in favor of Pickens for $17,399.06, but refused to award recovery of interest prior to judgment or for attorney's fees. Pickens has appealed only from that part of the judgment denying recovery of interest and attorney's fees. We will affirm the judgment of the trial court.

At the time Pickens left employment with Southwest, and was shortly thereafter paid his part of the benefits from the company plan, Pickens questioned the valuation placed on the real estate owned by the trust, which the trustees had valued at $1,000 per acre, but which Pickens insisted had a value of $2,000 an acre. Later, after an appraisal obtained by the trustees, valuation of the land was placed at $1,500 per acre.

Before additional disbursement could be made to Pickens, based on the higher appraisal, the trustees learned that Pickens was engaged in competition with Southwest and that this activity had commenced before expiration of one year after termination of employment with Southwest, affording basis for forfeiture of Pickens' remaining interest in the plan under the trust agreement. The trustees refused to make further payment to Pickens, who instituted suit in which he demanded payment of $34,798.12, based upon a valuation of $2,000 per acre for the land.

The trial court found the valuation to be $1,500 per acre and found that Pickens had engaged in competition with Southwest within one year after termination of employment, in violation of the trust agreement. The trial court concluded, nevertheless, that Pickens' violation was not of sufficient magnitude to work a forfeiture and awarded Pickens recovery of his interest in tHe amount of $17,399.06, but denied all other relief.

Pickens left the employ of Southwest in May of 1973, and thereafter, on June 20 and on August 30 of 1973, Pickens received payments, which taken together represented the total amount the trustees contended was due, based on a valuation of $1,000 per acre. At that time, and continuing through the trial, Pickens insisted he was entitled to payment on a valuation of $2,000 per acre. On appeal Pickens argues that if the trustees had properly valued Pickens' interest as of August 30, 1973, he would have received at that time the additional $17,399.06 awarded subsequently by the court. On this premise, Pickens insists he is entitled to interest on that amount from August 30, 1973, until date of judgment.

The statutory definition of *interest* ". . . is the compensation allowed by law for the use or forbearance or *detention of money* . . ." (Emphasis added) Article 5069–1.01, V.A.T.S. (1967). The general rule is that a court properly may allow prejudgment interest as damages for detention of money from the due date of the liability. *Hayek v. Western Steel Company*, 478 S.W.2d 786, 795–6 (Tex. 1972); *Texas Company v. State*, 154 Tex. 494, 281 S.W.2d 83 (1955); *Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11 (1897). The recognized test is whether the measure of the claim is fixed by conditions existing at the time the injury arose, and not necessarily the amount of damages. *McDaniel v. Tucker*, 520 S.W.2d 543, 549 (Tex.Civ.App. Corpus Christi 1975, no writ).

Pickens contends he is entitled to interest, on the amount awarded by the

trial court ($17,399.06), from August 30, 1973, the date Pickens received the last payment from the trustees on the valuation of $1,000 per acre. But at that time Pickens was claiming a valuation of $2,000 per acre and payment of $34,798.12 for his part in the plan and not the amount awarded later by the trial court. Subsequent appraisal brought the valuation to $1,500 per acre, which is the value found by the trial court, although Pickens had sued for payment on a basis of $2,000 per acre.

Thus a bona fide dispute existed between Pickens and the trustees up to the time of the trial court's final judgment, arrived at on a basis of $1,500 per acre. Pickens' demand for payment on a valuation of $2,000 per acre therefore was an excessive demand upon the trustees, and he is not entitled to interest on the debt until the date of the trial court's judgment. *Ingham v. Harrison*, 148 Tex. 380, 224 S.W.2d 1019, 1022 (1949); *Warrior Constructors v. Small Business Investment Company*, 536 S.W.2d 382, 386 (Tex.Civ.App. Houston (14th) 1976, no writ). The trial court, as trier of the facts, correctly denied Pickens interest from August 30, 1973.

Although the trial court declined to enforce the forfeiture against Pickens, the court did find that Pickens had violated the agreement by commencing direct competition with Southwest, his former employer, within a year after leaving Southwest's employ. This violation was an added reason for the trustees to withhold payment of additional money, even after an appraisal arrived at a valuation of $1,500 per acre. The effect of the trial court's finding was to find Pickens legally wrong and the trustees legally right in their position, even though the court decided that in equity Pickens should not suffer forfeiture because of his legal wrong.

Denial of prejudgment interest was proper, since under the facts and circumstances of the case there remained a serious and genuine dispute regarding ultimate liability, which was contested in good faith by the parties, and the amount of damages could not be ascertained until final judgment.

*Travelers Indemnity Co. v. Pollard Friendly Ford Co.*, 512 S.W.2d 375, 383 (Tex.Civ.App. Amarillo 1974, no writ), and cases there cited.

■ Pickens contends under his second point of error that the trial court erred in refusing to award him judgment for attorney's fees. Recovery of attorney's fees, Pickens argues, is predicated in this suit ". . . upon the plain language of Article 2226: 'Any person having a valid claim against a person . . . for services rendered . . . may present the same to such person . . . and if . . . he should finally obtain judgment . . . he may also recover . . . a reasonable amount as attorney's fees . . .'"

This lawsuit in its posture as tried on the merits was an action to recover from the trustees of Southwest Auto-Chlor System, Inc., Profit Sharing Plan the "sum of not less than $34,798.12 interest as provided by law, a reasonable attorney's fee in the sum of not less than $12,500.00 . . ." Pickens alleged that he was employed by Southwest Auto-Chlor System, Inc., from 1948 until 1973 ". . . and for services rendered by virtue of such employment became a Participant in the Southwest Auto-Chlor System, Inc., Profit Sharing Plan." The profit sharing plan was established by a trust agreement in May of 1959 between the corporation and the trustees.

Suit originally was filed in Harris County against both the corporation and the trustees, and on appeal from an adverse ruling on plea of privilege, the court of civil appeals held ". . . that Pickens failed, as a matter of law, to establish a cause of action against Southwest . . ." and the cause was ordered transferred to Travis County, residence of the trustee. *Alsup v. Pickens*, 526 S.W.2d 266, 268 (Tex.Civ.App. Houston (1st) 1975, no writ).

In pleadings to establish his right to attorney's fees, Pickens alleged that he ". . . earned his interest in the . . . Profit Sharing Plan for services rendered by Plaintiff as an employee of Southwest Auto-Chlor System, Inc." By supplemental petition Pickens pleaded that when the

trustees paid him "the amount of his vested interest" in the profit sharing plan shortly after he resigned, without awaiting the expiration of one year, the trustees "thereby waived the non-competition provision of the Plan. The only purpose of this suit," Pickens continued, "is to correct the Trustees' incorrect valuation of Plaintiff's vested interest in the Plan."

Although Pickens employs the term "services rendered" in his pleadings and contends that he is entitled to attorney's fees by reason of his employment with Southwest, the claim asserted by his suit is based upon a special contract under which he was entitled to share in profits of the corporation. Any obligation of the trustees to pay Pickens exists by reason of the trust agreement, and, as pleaded by Pickens, "The only purpose of this suit is to correct the Trustees' incorrect valuation of Plaintiff's *vested interest in the Plan.*" (Emphasis added) From the record it appears clear that the suit was intended to be, and was tried on the basis of, a suit to recover a disputed amount in a vested right acquired in the profit sharing plan during the years he was employed by Southwest.

In similar cases an employee suing to share in gross earnings of a business, or to share in division of profits, the courts have held that attorney's fees could not be recovered under Article 2226, V.A.T.S. In *Eisenbeck v. Buttgen,* 450 S.W.2d 696, 702 (Tex. Civ.App. Dallas 1970, no writ), the court noted that it has been judicially determined that Article 2226 "has no application to a suit based on special contract between the parties," and held that in an action brought "solely to recover for breach of contract concerning payment of a percentage of gross earnings of a business" attorney's fees are not recoverable. In 1971, in a similar action, the Beaumont Court of Civil Appeals held attorney's fees were not recoverable in a suit by an employee who under a contract was to receive a percentage of net profits of the business. *G & W Marine, Inc. v. Morris,* 471 S.W.2d 644, 650 (Tex.Civ.App. Beaumont 1971, no writ).

In the present case a former employee of Southwest, who during his employment became entitled to rights in a profit sharing plan, created and operated under terms of a contract, sued to recover his vested interest in the plan. The essential facts of this case differ in no significant aspect from the facts forming the basis of decision in *Eisenbeck v. Buttgen, supra,* and in *G & W Marine, Inc. v. Morris, supra.* We hold that the trial court properly refused to award attorney's fees under Article 2226.

The judgment of the trial court is affirmed.

Affirmed.