Opinion issued November 25, 2014



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00898-CV**

———————————

**MARK H. HENRY, M.D., Appellant**

**V.**

**MARCOS V. MASSON, M.D., Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2003-40678**

---

**O P I N I O N**

This Court has issued two previous opinions in this case involving claims

arising out of the winding up of a medical practice. Our judgment and mandate in

the second opinion awarded appellant, Mark. H. Henry, M.D., a $50,000 judgment

against appellee, Marcos V. Masson, M.D., "plus such other further relief to which [Henry] is entitled." On remand, Henry sought the award of pre-judgment interest, court costs, and a contribution judgment against Masson. The trial court denied this relief. In four issues, Henry argues that (1) this Court's mandate in the second opinion does not limit the trial court from granting him relief beyond the $50,000 judgment; (2) he is entitled to a $59,500 contribution judgment against Masson, plus pre- and post-judgment interest on that amount; (3) he is entitled to prejudgment interest on the $50,000 judgment; and (4) he is entitled to court costs.

We affirm.

## Background

Henry and Masson formed a partnership to conduct an orthopedic surgery practice, Houston Hand and Upper Extremity L.L.P. ("Houston Hand"). In 2003, after ongoing disputes, Masson sued Henry for, among other things, breach of contract, and Henry filed several counterclaims. The parties agreed to wind up Houston Hand and ultimately entered into a settlement agreement, which included agreed-upon steps necessary to winding up Houston Hand and provided that Henry and Masson would form new entities to continue their medical practices, Hand and Wrist Center of Houston, P.A., and ROC Houston, P.A., respectively. Both Henry and Masson later amended their claims to assert various breaches of the settlement agreement. In November 2004, a jury found that both Henry and Masson had

2

materially breached the settlement agreement but that Henry breached the agreement first, which excused Masson's material breach. The trial court subsequently issued several summary judgment rulings and orders concerning other claims in the case and the winding up of Houston Hand.

The trial court signed a final judgment in 2007. In this judgment, the trial court awarded Masson $75,000 in damages on his breach of the settlement agreement claim plus $25,000 in attorney's fees. The judgment also included the following two paragraphs:

> [It is] ORDERED that Houston Hand and Upper Extremity Center, L.L.P. ("Houston Hand") is granted judgment for capital contribution under Article 4.2 of the Agreement of Partnership of Houston Hand for sums owed to Hand and Wrist Center of Houston, P.A. for the sum of $148,000.00; 50% ($74,000.00) of which Mark H. Henry is required to contribute to Houston Hand and 50% ($74,000.00) of which Marcos V. Masson is required to contribute to Houston Hand. It is further
>
> ORDERED that Houston Hand is granted judgment for capital contribution under Article 4.2 of the Agreement of Partnership of Houston Hand for sums owed to ROC Houston, P.A. for the sum of $29,000.00; 50% ($14,500.00) of which Mark H. Henry is required to contribute to Houston Hand and 50% ($14,500.00) of which Marcos V. Masson is required to contributed to Houston Hand.

In 2010, this Court issued an opinion holding that, because the parties treated the settlement agreement as continuing after Henry's material breach, Masson's material breach, which involved failing to pay Henry $150,000 after Henry transferred title to a property to him, was not excused. *See Henry v.*

3

*Masson*, 333 S.W.3d 825, 841–42 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("*Henry I*"). This Court held that the portion of the judgment referencing Houston Hand, Hand and Wrist, and ROC Houston, referenced "specific debts owed by [Houston Hand]" and did not grant any specific relief to Henry's and Masson's new practices. *Id.* at 847. Instead, the trial court awarded judgment to Houston Hand, not to the new entities. *Id.* This Court also affirmed the $100,000 judgment in favor of Masson relating to Henry's breach of the settlement agreement and remanded the case to the trial court for further proceedings. *See id.* at 839, 850.

On remand, Henry moved the trial court to amend its final judgment to reflect his entitlement to a $150,000 credit for his transfer of property to Masson. In response, Masson moved the trial court to grant him a new trial on the $150,000 credit and sever his judgment for Henry's breach of the settlement agreement from Henry's claim for $150,000. The trial court granted the new trial, granted Masson's motion to sever, and severed Henry's claim into a separate cause number.

Henry then filed a petition for writ of mandamus and a direct appeal in this Court challenging the severance order. *See In re Henry*, 388 S.W.3d 719, 725 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("*Henry II*"). This Court noted that, in *Henry I*, the panel determined that Henry was entitled to $150,000 for the transferred property as a matter of law, and, therefore, there were no fact questions

4

to consider on remand concerning Masson's obligation to pay this amount to Henry. *Id.* at 728. This Court, therefore, held that the trial court erred in granting Masson's motion to sever. *Id.* We rendered judgment that Henry was entitled to $150,000 on his breach of the settlement agreement claim, offset by the $100,000 award to Masson on Masson's breach of the settlement agreement claim. *Id.* at 729. This Court ordered the trial court to enter final judgment for Henry in the amount of $50,000, "plus such other further relief to which he is entitled." *Id.*

On remand following *Henry II*, Henry moved the trial court to enter judgment against Masson in conformity with the appellate mandate. Henry argued that the trial court should enter judgment against Masson for $50,000, plus other relief to which Henry was entitled, specifically: (1) prejudgment interest on the $50,000; (2) a judgment for $59,500, reflecting the net amount Masson was required to contribute to Houston Hand pursuant to the trial court's 2007 judgment; (3) prejudgment interest on the $59,500; and (4) court costs. Henry, therefore, requested that the trial court enter judgment against Masson in the amount of $165,240, plus post-judgment interest and court costs.

In response, Masson argued that the mandate from this Court awarded Henry $50,000 and that this was the "only relief available" to Henry. He argued that this Court's mandate did not specifically award prejudgment interest. Masson also argued that Henry was not entitled to any portion of the contribution judgment

5

awarded to Houston Hand in the trial court's original 2007 judgment. He pointed out that Houston Hand had been wound up and terminated, and thus it had no capacity to recover a judgment, and that Henry, as a former individual partner of Houston Hand, could not recover funds awarded to the partnership itself.

The trial court stated the following in its supplemental final judgment:

> IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendant, Mark H. Henry, M.D., have and recover from Plaintiff, Marcos V. Masson, M.D., actual damages in the amount of $50,000.00, plus postjudgment interest thereon at the rate of 7.25 percent per annum from the date of this judgment until paid.

> The portion of the Final Judgment granted to Plaintiff, Marcos V. Masson, M.D. against Defendant, Mark H. Henry, M.D., is offset against the damages awarded to Mark H. Henry, M.D. resulting in the net of $50,000 referenced above. The portion of the Final Judgment where Defendant, Mark H. Henry, M.D. takes nothing for his claims and counterclaims against Plaintiff, Marcos V. Masson, M.D., is vacated.

The supplemental final judgment did not award prejudgment interest, a contribution judgment, or court costs to Henry. This appeal followed.

### Limitation of Henry's Recovery to $50,000

In his first issue, Henry contends that the trial court erred in concluding that it could not award further relief to Henry beyond the $50,000 specified in this Court's mandate in *Henry II*. Henry argues that the language of this Court's mandate allowed him to recover additional relief if he demonstrated that he was entitled to such relief. We agree.

6

When an appellate court reverses a trial court's decision and remands the case to the trial court, the trial court is authorized to "take all actions that are necessary to give full effect to the appellate court's judgment and mandate." *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013). The trial court has no authority to take an action that is inconsistent with or "beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate." *Id.*

Here, this Court's mandate in *Henry II* stated: "The Court remands the case to the trial court with instructions that it enter final judgment for [Henry] in the amount of $50,000, plus such other further relief to which [Henry] is entitled." The plain language of our mandate thus required the trial court to enter final judgment for Henry in the amount of $50,000 plus any other amounts Henry could demonstrate his right to receive.

We sustain Henry's first issue and now determine whether Henry demonstrated that he is entitled to a contribution judgment, prejudgment interest, and court costs.

### Contribution Judgment

In his second issue, Henry contends that he is entitled to a contribution judgment of $59,500 as part of the amount originally awarded to Houston Hand in

7

the trial court's 2007 judgment, plus pre- and post-judgment interest on this amount from Masson.

In its 2007 judgment, the trial court awarded a judgment to Houston Hand, requiring both Henry and Masson to contribute sums which were then to be used to pay debts to Henry's and Masson's new entities, Hand and Wrist and ROC Houston. Neither Henry nor Masson made the capital contributions to Houston Hand required by the 2007 judgment, and Houston Hand was wound up and terminated without the capital contributions having been made. Henry now contends that, in his individual capacity, he is entitled to a portion of this unpaid award to the terminated partnership as a contribution judgment. Masson argues that because Houston Hand is a terminated entity, it cannot enforce the judgment in its favor and that Henry, as a former partner in Houston Hand and a current member in Hand and Wrist, cannot recover a portion of the award made to Houston Hand. We agree with Masson.

A partnership, such as Houston Hand, and a professional association, such as Hand and Wrist, are entities distinct from their partners and members.[1] *See* Act of

---

[1] Because the events that form the basis of this dispute occurred before the Business Organizations Code became effective in 2006 and the parties did not elect to be governed by the Business Organizations Code, we cite to the relevant sections of the Texas Revised Partnership Act, the law in effect at the time the parties' causes of action accrued. We note that the Business Organizations Code contains an identical provision. *See* TEX. BUS. ORGS. CODE ANN. § 152.056 (Vernon 2012) ("A partnership is an entity distinct from its partners.").

8

May 31, 1993, 73d Leg., R.S., ch. 917, § 2.01, 1993 Tex. Gen. Laws 3887, 3890 (expired Jan. 1, 2010); Act of May 28, 1969, 61st Leg., R.S., ch. 840, § 8(B)(1), 1969 Tex. Gen. Laws 2513, 2514 (expired Jan. 1, 2010) (providing, in Texas Professional Associations Act, that articles of association may provide that professional association "shall continue as separate entity independent of [its] members"); *see also In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 464 (Tex. 2011) (stating that, in Texas Revised Partnership Act, Texas Legislature explicitly adopted "entity theory" of partnership, which provides that partnerships are distinct entities from partners). Furthermore, partnership property "is not property of the partners." *See* Act of May 31, 1993, 73d Leg., R.S., ch. 917, § 2.04, at 3891; *see also In re Allcat Claims Serv.*, 356 S.W.3d at 464 (noting that Revised Partnership Act provides that "[a] partner is not a co-owner of partnership property"); *Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 571 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) ("Partnership property is not property of the partners. A partner does not have an interest in partnership property.") (internal citations omitted).

The trial court's 2007 judgment ordered both Henry and Masson to make capital contributions to Houston Hand, an entity separate from both of them, and it then wound up Houston Hand, which no longer continues as an entity. Neither Henry nor Masson made the required capital contributions to Houston Hand prior

9

to its termination.  On appeal in *Henry I*, neither Henry nor Masson challenged the award of capital contributions to Houston Hand, an entity that has now been terminated and cannot enforce the judgment in its favor against either of them or in favor of either of them.  Furthermore, Houston Hand, the defunct partnership, and Hand and Wrist, the entity created by Henry that was a third-party beneficiary of the 2007 judgment, are both separate and distinct entities from Henry himself.  Henry, as a partner of the now-defunct Houston Hand, did not have an ownership interest in the unpaid judgment in favor of Houston Hand, and no one is obligated to pay him any portion of the judgment awarded specifically to Houston Hand.

We overrule Henry's second issue.

## Prejudgment Interest

In his third issue, Henry contends that he is entitled to prejudgment interest on the $50,000 judgment.

Prejudgment interest is "compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998).  A trial court may award prejudgment interest based on an enabling statute or general principles of equity.  *See id.*; *see e.g.*, TEX. FIN. CODE ANN. § 304.102 (Vernon 2006) ("A judgment in a wrongful death, personal injury, or property damage case earns

10

prejudgment interest."). Awarding prejudgment interest serves two policy purposes: encouraging settlements and discouraging delay. *See Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex. 1988) (citing *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex. 1985)). When, as here, no statute controls the award of prejudgment interest, the decision to award prejudgment interest is left to the sound discretion of the trial court, which should rely upon equitable principles and public policy in making its decision. *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 487 (Tex. App.—Fort Worth 2004, no pet.); *Purcell Constr., Inc. v. Welch*, 17 S.W.3d 398, 402 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (stating that we review challenge to trial court's award of prejudgment interest using abuse of discretion standard). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it clearly fails to apply the law correctly. *Purcell Constr.*, 17 S.W.3d at 402; *see also Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (stating that trial court abuses its discretion when it reaches decision so arbitrary and unreasonable as to amount to clear and prejudicial error of law).

Here, "a serious and genuine dispute regarding ultimate liability" existed; both Henry and Masson contested their own liability for breach of the settlement agreement in good faith; and the ultimate amount of the damages award was not determined until *Henry I*. *See Pickens v. Alsup*, 568 S.W.2d 742, 744 (Tex. Civ.

11

App.—Austin 1978, writ ref'd n.r.e.) (holding that trial court properly denied award of prejudgment interest because, under facts of case, "there remained a serious and genuine dispute regarding ultimate liability, which was contested in good faith by the parties, and the amount of damages could not be ascertained until final judgment"). We cannot conclude on the basis of the record in this case that the trial court's decision not to award Henry prejudgment interest was so arbitrary or unreasonable as to amount to a clear error of law. *See Two Thirty Nine Joint Venture*, 145 S.W.3d at 161; *see also Hoelscher v. Kilman*, No. 03-04-00440-CV, 2006 WL 358238, at *6 (Tex. App.—Austin Feb. 16, 2006, no pet.) (mem. op.) (reviewing record in breach of contract case and holding that trial court did not abuse its discretion when it failed to award prejudgment interest); *City of Port Isabel v. Shiba*, 976 S.W.2d 856, 861 (Tex. App.—Corpus Christi 1998, pet. denied) (holding same).

We overrule Henry's third issue.

## Court Costs

Finally, in his fourth issue, Henry contends that he is entitled to court costs as a matter of law.

Texas Rule of Civil Procedure 131 provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. The trial court may, for good cause

stated on the record, award costs in a manner other than what is provided for by law or the rules of civil procedure. TEX. R. CIV. P. 141; *see also Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 376 (Tex. 2001) ("Rule 131 requires the trial court to order that the winning party recover its costs from the losing party, allowing a trial court to order otherwise only 'for good cause, to be stated on the record.'"). The trial court may state good cause in a written order or judgment, or orally in a hearing. *Marion v. Davis*, 106 S.W.3d 860, 868 (Tex. App.—Dallas 2003, pet. denied). Failure to state on the record a finding of good cause to deviate from Rule 131 constitutes an abuse of discretion. *See id.* at 869; *Finlay v. Olive*, 77 S.W.3d 520, 528 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

"When determining whether court costs are appropriate, a court should consider the judgment rather than the verdict." *May v. Ticor Title Ins.*, 422 S.W.3d 93, 102 (Tex. App.—Houston [14th Dist.] 2014, no pet. h.). A "successful party" is "one who obtains judgment of a competent court vindicating a civil right or claim." *City of Houston v. Woods*, 138 S.W.3d 574, 581 (Tex. App.—Houston [14th Dist.] 2004, no pet.). We review a trial court's decision regarding whether to award court costs for an abuse of discretion. *May*, 422 S.W.3d at 102; *Westergren v. Nat'l Prop. Holdings, L.P.*, 409 S.W.3d 110, 140 (Tex. App.—Houston [14th Dist.] 2013, pet. filed).

Texas Rule of Civil Procedure 303 provides:

> When a counterclaim is pleaded, the party in whose favor final judgment is rendered shall also recover the costs, unless it be made to appear on the trial that the counterclaim of the defendant was acquired after the commencement of the suit, in which case, if the plaintiff establishes a claim existing at the commencement of the suit, he shall recover his costs.

TEX. R. CIV. P. 303. Several of our sister courts have held that when a party alleges a counterclaim if neither party is wholly successful on its claims, it is within the trial court's discretion to order each party to bear its own costs.[2] *See Niemeyer v. Tana Oil & Gas Corp.*, 39 S.W.3d 380, 390 (Tex. App.—Austin 2001, pet. denied); *see also Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 612 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (affirming trial court's refusal to award court costs when both parties prevailed on their claims); *Mobil Producing Tex. & N.M., Inc. v. Cantor*, 93 S.W.3d 916, 920 (Tex. App.—Corpus Christi 2002, no pet.) (holding that trial court did not abuse its discretion in taxing costs against both sides "where neither party was wholly successful in that one expected

---

[2] We also note that several of our sister courts have held that, when both parties recover on their claims, the party that received the larger award is entitled to court costs. *See Chilton Ins. Co. v. Pate & Pate Enters., Inc.*, 930 S.W.2d 877, 895 (Tex. App.—San Antonio 1996, writ denied); *see also Brender v. Sanders Plumbing, Inc.*, No. 2-05-067-CV, 2006 WL 2034244, at *7 (Tex. App.—Fort Worth July 20, 2006, pet. denied) (mem. op.) (holding same); *Plaza at Turtle Creek Ltd. v. Henry Building, Inc.*, No. 08-00-00416-CV, 2002 WL 59603, at *7 (Tex. App.—El Paso 2002, no pet.) (mem. op.) (holding same). We decline to follow these cases and instead follow our sister courts that have held that if neither party is wholly successful on its claims, the trial court does not abuse its discretion when it fails to award court costs.

to receive more while the other expected to pay less"); *Building Concepts, Inc. v. Duncan*, 667 S.W.2d 897, 905–06 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (holding that trial court did not abuse its discretion in awarding portion of costs to each party when both parties successfully prosecuted their claims).

Here, neither party was wholly successful on its claims for breach of the settlement agreement. The jury found in favor of Masson on his breach of the settlement agreement claim, awarding him a total of $100,000 in damages and attorney's fees, but then this Court held in *Henry I* that Henry was entitled, as a matter of law, to $150,000 from Masson with respect to certain property. *See Henry I*, 333 S.W.3d at 841–42. This Court, therefore, ordered the awards to be offset against each other, resulting in a net recovery of $50,000 in favor of Henry. *See Henry II*, 388 S.W.3d at 729. Masson ultimately did not recover anything on his breach of the settlement agreement claims, while, due to the offset, Henry recovered $100,000 less than what he originally sought. Under these facts, as neither Henry nor Masson was entirely successful on his claims, we conclude that the trial court did not abuse its discretion when it did not assess court costs against either party. *See Bayer Corp.*, 214 S.W.3d at 612; *Cantor*, 93 S.W.3d at 920; *Niemeyer*, 39 S.W.3d at 390.

We overrule Henry's fourth issue.

15

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.