**AFFIRMED and Opinion Filed July 30, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00160-CV

**SKY INTERESTS CORP., Appellant**
**V.**
**ELLE MOISDON, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-16-0782**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

In this appeal following a partial summary judgment and jury trial, Sky Interests Corp. asserts the trial court erred in (1) failing to award prejudgment interest on the amount awarded to it in the partial summary judgment, (2) misapplying Texas Property Code Section 93.002, and (3) refusing to submit a proposed jury question on abandonment. Sky Interests further contends the evidence is insufficient to support the jury's award of damages for conversion. Elle Moisdon brings one cross-issue challenging the summary judgment granted in favor of Sky Interests on its claim for breach of contract. Moisdon also asserts a conditional cross-issue addressing pre-judgment interest on her conversion award. For the reasons set forth below, we affirm the trial court's judgment.

**Background**

On May 14, 2013, Moisdon signed an agreement with Sky Interests to lease a property in Rockwall, Texas for a period of five years. The property was to be used as a restaurant. The lease agreement stated that any rent payment made after the tenth day of the month would be assessed a 10% late payment fee. The lease further stated that if Moisdon defaulted in payment of the rent, or any part thereof, Sky Interests could terminate the lease and "repossess and enjoy the leased property and any buildings and improvements situated thereon without such a re-entry and repossession working a forfeiture of the rents to be paid." Moisdon agreed to "indemnify and save harmless [Sky Interests] from any loss arising from such default, termination, and/or re-entry." Moisdon also agreed that Sky Interests would not be liable for any losses suffered to her property except to the extent such losses were "occasioned by the gross negligence or intentional acts of [Sky Interests]."

Moisdon officially opened her restaurant in January 2014. According to Moisdon, construction occurring in front of the premises made it difficult for her to attract business. In August 2014, Moisdon did not tender a check for her rent until the 11th day of the month, one day after the late fees accrued. The check was later returned for insufficient funds.

On August 21, Moisdon arrived at the restaurant to discover she had been locked out. The notice posted to the door stated that if Moisdon paid the August rent, late fees, and a lock-out fee, she could obtain the new keys to the premises from the property manager, Teresa Dickerson. Moisdon went to Sky Interests's offices, which were in the same building as the restaurant, to speak to Dickerson. Moisdon stated Dickerson walked her into the restaurant and allowed her to remove her personal laptop, a reservation book, and customer lists. Moisdon testified she later called Dickerson and asked how she could get the remainder of her belongings and was told the only way she could re-enter the premises was to pay the full amount owed including the fees.

On September 9, Moisdon left a letter outside the door to Sky Interests's offices demanding the return of her personal property including all equipment, kitchen items, furniture, decorative items, and inventory. When she received no response, she hired an attorney who sent a letter to Sky Interests on September 11. This letter stated that one of Moisdon's primary concerns was the safekeeping of her equipment and inventory. The letter further stated that if Sky Interests or its agents began removing Moisdon's property from the premises, they would take action to protect her rights.

Moisdon stated she called Sky Interests numerous times in September and October to resolve their issues. On October 14, Moisdon went to the restaurant and looked in the windows to make sure her things were still there. She stated she noticed items were missing, such as some of the wine from the wine rack.

Four days later, Moisdon was informed by friends that her property at the restaurant was going to be sold. Moisdon went to the restaurant that night and saw a sign on the door that said "Blow Out Sale." The next day, she went to the police to tell them her things were being improperly sold. She left after being told it was a civil matter and there was nothing they could do.

Moisdon then went to the restaurant and found the sale occurring. She went in the doorway and saw her property being sold by Sky Interests's employees. Moisdon said she approached one of the employees and asked him why they were selling her things instead of allowing her to pay the rent. She asserts the employee responded, "[W]e've done this before." The employee called the police after he saw Moisdon take some of the property and put it into her car. The police came and Moisdon was issued a criminal trespass warning.

On October 28, Dickerson sent Moisdon a letter stating they were terminating her lease as of October 31, 2014. On the day the lease was supposed to be terminated, however, a new property

manager, Monica Rico, sent Moisdon an email attaching a November rent invoice. Moisdon responded that Dickerson told her the lease was terminated and asked her if she was supposed to do anything further. Rico replied she believed Moisdon had done everything she was supposed to do and she would let her know if that was not correct.

On November 20 and 21, Moisdon's attorney and Rico exchanged emails in which the attorney demanded Sky Interests turn over all Moisdon's personal property that had not been sold. Rico responded it was their position that Moisdon had already retrieved her personal belongings. Rico requested a list of what property Moisdon believed was still on the premises that belonged to her stating, "if we don't know what she is expecting to pick up there is no reason for her to be there and she will be turned away." Moisdon then sent Rico an email stating she had not had access to the restaurant since the lockout and she needed, among other things, her business paperwork for her taxes and work-related obligations. Moisdon sent her a list of items still on the premises including things such as letters from her deceased father, medical records, passports, and jewelry.

On November 26, Moisdon emailed Rico asking when she could pick up her things. Rico responded that they couldn't "have these things sitting in our hallway for very long." She told Moisdon to pick up her things that day or the following Monday. Moisdon testified that, when she went to collect her belongings, they only gave her one box of papers. Although she said she could see more of her property still inside the restaurant, they would not let her have any of it. After going through the box, Moisdon emailed Rico again to say the box did not contain any of her papers or personal items from her desk. She stated the desk "has all my important documents and my customer receipts that I have to have for taxes and the only other place to retrieve that is on my computers that you also kept." Moisdon later learned that Sky Interests sold the remaining items left on the premises, including kitchen equipment and furniture, to a restaurant supply

–4–

company. Any of Moisdon's property not sold was thrown in a dumpster obtained for the purpose of renovating the premises for a new lessee.

Moisdon brought this suit alleging claims for wrongful lockout and removal of property under section 93.002 of the Texas Property Code, conversion, theft, breach of contract, and civil conspiracy.[1] Sky Interests filed a counterclaim for breach of contract and moved for summary judgment on its contract claim, seeking to recover lost rent, the cost of improvements to the premises necessary to secure a replacement tenant, and attorney's fees. The company additionally moved for summary judgment on Moisdon's claims. The trial court granted summary judgment in favor of Sky Interests on its contract claim and awarded it $21,600 for lost rent, $34,606.01 in re-leasing costs, and $12,637.50 in attorney's fees for a total amount of $68,843.51. The trial court also granted summary judgment in favor of Sky Interests on all Moisdon's claims except for conversion and violations of the Texas Property Code. These claims were tried to a jury.

Prior to trial, Sky Interests submitted proposed jury questions, including a question asking if Moisdon had abandoned the personal property remaining in the leased premises under section 93.002 of the property code. The trial court ultimately refused to have the jury make a determination on abandonment, concluding there was no evidence to raise a fact question on that issue. The court's charge included only three questions: the value of the property disposed of by Sky Interests, whether Sky Interests converted Moisdon's personal property on or after August 21, 2014, and what sum of money would compensate Moisdon for her damages resulting from the conversion of her property. The valuation question presumed Sky Interests's liability under the property code.

---

[1] In addition to naming Sky Interests as a defendant, Moisdon also named the company's owner, Michael P. Swiercinsky, and his children who worked for the company, Joshua and Nikki Swiercinsky. All claims made against the Swiercinskys individually were resolved against Moisdon by summary judgment and she does not appeal that ruling. Accordingly, we do not discuss the claims made against those parties.

After hearing the evidence, the jury valued Moisdon's property at $72,613.98. The jury further found in favor of Moisdon on her conversion claim and concluded the amount of her damages under that cause of action was $75,000. Moisdon elected to recover under her property code cause of action which allowed her to additionally recover one month's rent and attorney's fees.

The trial court's final judgment awarded Sky Interests $68,843.51 pursuant to the earlier partial summary judgment and $1,735.12 in postjudgment interest for a total amount of $70,578.63. Moisdon was awarded the $72,613.98 valuation for her lost property plus $8,471.63 in prejudgment interest. Moisdon was also awarded the sum of $2,150 for one month's rent pursuant to section 93.002(g)(2) of the Texas Property Code and attorney's fees of $16,000, for a total amount of $99,235.61. This amount was offset by the amount awarded to Sky Interests, leaving Moisdon a net recovery of $28,656.98.

Sky Interests filed a motion to modify the judgment asking the trial court to award it equitable prejudgment interest on its breach of contract damages because the court had awarded prejudgment interest to Moisdon. In addition, Sky Interests filed a motion for partial new trial asserting several grounds, including the trial court's failure to submit the requested jury question on abandonment. The trial court denied both the motion to modify and the motion for partial new trial. Moisdon did not file any postjudgment motions. Sky Interests filed this appeal of the trial court's final judgment and Moisdon filed a cross-appeal.

**Analysis**

**I. Prejudgment Interest**

In its first issue, Sky Interests contends the trial court erred in denying its request to modify the final judgment to award it prejudgment interest on its breach of contract damages. Under Texas law, prejudgment interest is an additional damage award for the loss of use of money between the time of accrual of the claim and the date of the judgment. *Johnson & Higgins of Tex. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). Prejudgment interest is awarded to fully compensate the injured party, not punish the defendant. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 812 (Tex. 2006). There is no statute providing for an award of prejudgment interest on a breach of contract claim, but such interest may be recovered under common law principles of equity. *See Jones v. R.O. Pomroy Equip. Rental, Inc.,* 438 S.W.3d 125, 132 (Tex. App.—Eastland 2014, pet. denied). Where no statute controls, as here, the decision of whether to award such interest is left to the sound discretion of the trial court, which should rely upon equitable principles and public policy in making its decision. *Henry v. Masson*, 453 S.W.3d 43, 49 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Sky Interests does not challenge the award of prejudgment interest to Moisdon. The company argues only that the trial court erred in not also awarding prejudgment on its recovery. Sky Interests did not request prejudgment interest in its motion for summary judgment. The request was made only after final judgment was rendered. In its motion to modify the judgment, Sky Interests argued it would be inequitable to award Moisdon prejudgment interest while refusing to grant Sky Interests the same relief.

As stated above, the purpose of prejudgment interest is to compensate the claimant for the loss of use of money between the time of accrual of the claim and the date of the judgment. *Kenneco*, 962 S.W.2d at 528. The jury in this case concluded that Sky Interests wrongfully

–7–

exercised control over Moisdon's personal property from the time the company's breach of contract claim accrued until the date of the judgment. The jury further concluded this property had a value of $72,613.98, which was over $16,000 more than Sky Interests's breach of contract damages. Accordingly, although Sky Interests may have lost the use of the rental income, it improperly maintained control over Moisdon's property, which had greater value, over the same time period. Moreover, the property Sky Interests refused to allow Moisdon to access was the equipment she had been using to generate income to pay her rent. Based on the record before us, we conclude the trial court did not abuse its discretion in refusing to award Sky Interests equitable prejudgment interest. We resolve the company's first issue against it.

## II. Applicability of Section 93.002 of the Texas Property Code

In its second issue, Sky Interests contends the trial court erred in concluding section 93.002 of the Texas Property Code applied to Moisdon's claims because the terms of the parties' lease superseded the statute. Section 93.002 addresses the interruption of utilities, removal of property, and exclusion of a commercial tenant. TEX. PROP. CODE ANN. § 93.002. Under section 93.002(c), a landlord may change the door locks of a tenant who is delinquent in paying rent. *Id*. § 93.002(c). The landlord may not, however, remove any of the tenant's property unless the tenant has abandoned the premises. *Id*. § 93.002(e). Furthermore, even if the tenant has abandoned the premises, the landlord must store the tenant's property, and may not dispose of it, unless he delivers by certified mail to the tenant's last known address, a notice stating disposal of the property may occur if the tenant does not claim the property within sixty days. *Id*. These statutory provisions may be superseded by a lease to the extent the lease provisions conflict with the statute. *Id*. § 93.002(h).

Sky Interests contends section 93.002 does not apply in this case because the statute conflicts with paragraphs 12 and 13 of the lease and, under section 93.002(h), the lease provisions

–8–

control.  *Id*.  The construction of an unambiguous lease is a question of law determined de novo.  *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 787 (Tex. 2017); *Saltworks Ventures, Inc. v. Residences at Spoke, LLC*, No. 03-16-00711-CV, 2018 WL 2248274, *7 (Tex. App.—Austin May 17, 2018, no pet.)(mem. op.).  In construing a contract, we may not rewrite or add to its language.  *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003).  Statutory construction is also a question of law we review de novo.  *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

Paragraph 12 of the lease states that, upon default by Moisdon, Sky Interests had the right to terminate the lease and re-enter and repossess the premises and any improvements thereon.  The paragraph further states Moisdon will "indemnify and save harmless [Sky Interests] from any loss arising from such default, termination and/or re-entry."  This provision does not address Moisdon's personal property or Sky Interests's rights with respect to it.  Moisdon's claimed losses did not arise out of her default, the termination of the lease, or the company's re-entry of the premises.  It arose from the company's sale and disposal of her personal property.  Because paragraph 12 does not mention personal property, let alone authorize Sky Interests to take any action with respect to Moisdon's personal property, we see nothing in the paragraph that conflicts with the requirements of section 93.002.

In contrast, Paragraph 13 specifically addresses Sky Interests's liability with respect to Moisdon's personal property.  The paragraph states that Sky Interests is not liable for any losses suffered to Moisdon's property unless such losses were occasioned by Sky Interests's gross negligence or intentional acts.  Sky Interests does not provide any argument to show how this provision conflicts with section 93.002.  Although Sky Interests contends there is no finding that its sale and disposal of Moisdon's property was intentional, the company neither requested such a

finding nor cites any law that such a finding was required. Furthermore, the company does not explain how its actions could have been anything other than intentional.

We conclude there is no conflict between the provisions section 93.002 and the terms of the lease. We further conclude section 93.002 controls Moisdon's claim for wrongful sale and disposal of her property. We resolve Sky Interests second issue against it.

## III. Jury Question

In its third issue, Sky Interests contends the trial court erred in refusing to submit its requested jury question and instruction on abandonment. The trial court has a nondiscretionary directive to submit requested questions to the jury if the pleadings and any evidence support them. *Elbaor v.* Smith, 845 S.W.2d 240, 243 (Tex. 1992). A trial court may refuse to submit an issue, however, if no evidence exists to warrant its submission. *Id.* Furthermore, under Texas Rule of Civil Procedure 278, the failure to submit a question is not grounds for reversal unless the complaining party submitted a proposed question in writing using substantially correct wording. TEX. R. CIV. P. 278. A requested question or instruction that is affirmatively incorrect is not "substantially correct" under the rule. *See Placencio v. Allied Indus. Int'l*, 724 S.W.2d 20, 21 (Tex. 1987).

In this case Sky Interests requested the submission of the following jury question: "After August 21, 2014, did Plaintiff abandon the Property that remained on the Premises?" This question was accompanied by an instruction that defined the circumstances under which an owner may be deemed to have abandoned personal property. Sky Interests argues the issue of abandonment was a threshold matter to be determined by the jury before liability could be imposed on it under section 93.002(e). The company contends, therefore, the trial court's failure to submit the question is reversible error. The company's argument lacks merit for two reasons.

–10–

First, the proposed question submitted by Sky Interests asked the jury to determine whether Moisdon had abandoned her personal property. Under section 93.002(e), a landlord may remove a tenant's personal property only if the tenant has abandoned the *premises*. TEX. PROP. CODE ANN. § 93.002(e). A trial court's refusal to submit an issue that is affirmatively incorrect in its wording does not justify reversal. *Id.*; *Baylor Univ. v. Coley*, 221 S.W.3d 599, 607 (Tex. 2007) (Johnson, J., concurring).

Second, there is no evidence in the record to show that Moisdon abandoned the premises. The trial court did not err, therefore, in refusing to submit this issue to the jury. *Elbaor*, 845 S.W.2d at 243. Indeed, Sky Interests concedes there was no abandonment stating "it is undisputed that Moisdon was locked out of the premises and did not abandon the premises." Sky Interests confusingly argues that, although it requested a question on abandonment, because the undisputed evidence shows there was no abandonment, it cannot be held liable under section 93.002(e). Sky Interests appears to argue that section 93.002(e) applies only to abandoned premises and, because Moisdon did not abandon the premises, the section does not apply to the facts of this case. Sky Interests misreads the statute.

Section 93.002(e) states that a landlord may remove and store the property of a tenant if the property remains on premises the tenant has abandoned. TEX. PROP. CODE ANN. § 93.002(e). The landlord may then dispose of the property after sixty days if the tenant has been properly notified of the landlord's intent to do so. *Id.* If a landlord violates the section, the tenant may recover actual damages, one month's rent or $500, whichever is greater, reasonable attorney's fees, and court costs, less any delinquent rent or other sums for which the tenant is liable. *Id.* § 93.002(g). Based on the clear language of the section, a landlord may remove a tenant's property from leased premises *only* if the premises have been abandoned. *See Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 109–10 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Abandonment is not

a prerequisite to application of the section; it is a prerequisite to the landlord's ability to remove the tenant's personal property. A landlord's removal of a tenant's personal property from premises that have not been abandoned is a violation of the section entitling the tenant to recover damages. Because there was no evidence to suggest Moisdon had abandoned the premises, there was no fact issue on abandonment for the jury to resolve, and Sky Interests was liable for violating section 93.002 by removing and disposing of Moisdon's personal property. We resolve Sky Interests's third issue against it.

## IV. Conversion Damages

In its fourth issue, Sky Interests contends the evidence is insufficient to support the jury's award of damages for conversion. Following the jury's verdict, Moisdon elected to recover under her property code claim rather than her conversion claim. Sky Interests does not assert any error with respect to the damages awarded pursuant to the property code claim. Its arguments are directed solely and specifically at the conversion award and, at the conclusion of the issue, the company requests only that this Court "reverse the jury's findings concerning conversion and remand this case for a new trial on the conversion claim." Because we have concluded Sky Interests was properly held liable for violations of the Texas Property Code, and Moisdon elected to recover under that theory alone, it is unnecessary for us to address Sky Interests's challenge to the conversion award. *See* TEX. R. APP. P. 47.1. (opinion must address issues "necessary to final disposition of the appeal").

## V. Cross-Issues

In her first cross-issue, Moisdon contends the trial court's judgment "should reflect only the jury award." Moisdon argues that, if this Court upholds her recovery under the Texas Property Code, we should "also find the commercial lease was terminated by Moisdon at the time of Sky Interests Corp.'s violation of the Texas Property Code and Sky Interests should take nothing on its

–12–

counterclaim" for breach of contract. Although Moisdon is effectively challenging the partial summary judgment rendered by the trial court, Moisdon cites no authority and makes no reference to the summary judgment motions, arguments, evidence, or ruling. Indeed, Moisdon does not specify what action the trial court took that she contends was erroneous. A party's brief must contain a clear and concise argument for the contention made, with appropriate citations to authorities and the record, or the issue is waived on appeal. *In re N.E.B.* 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.).

In addition, although section 93.002 allows a tenant to terminate her lease when a landlord violates a provision of the section, Moisdon points to no evidence that she actually did so. Moisdon asks this Court to find she terminated the lease at the time of the violation, but termination of the lease is not automatic under the statute. The language of the statute shows the contrary as it gives the tenant the option to either recover possession of the premises or terminate the lease. TEX. PROP. CODE ANN. § 93.002(g)(1). Whether termination occurred, therefore, is a question of fact. This Court has no authority to make findings of fact. *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 745 (Tex. 1986). Findings of fact are the exclusive province of the jury and/or trial court. *Id*. at 744

In the alternative, Moisdon asks us allow her to terminate the lease now and "foreclose [Sky Interests's] judgment for breach of contract." She cites no authority for the proposition that she may retroactively terminate her lease to defeat Sky Interests's recovery. We resolve this issue against Moisdon.

Moisdon's second cross-issue addresses her conversion award and was brought conditionally in the event this Court reversed her award under the property code. Because we have upheld the property code award, it is unnecessary for us to address Moisdon's second cross-issue.

Based on the foregoing, we affirm the trial court's judgment.


_/Amanda L. Reichek/_____
AMANDA L. REICHEK
JUSTICE


180160F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SKY INTERESTS CORP., Appellant

No. 05-18-00160-CV      V.

ELLE MOISDON, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 1-16-0782.
Opinion delivered by Justice Reichek.
Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered July 30, 2019.