**Affirmed and Memorandum Opinion filed November 30, 2023**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00614-CV

## FIDELIS JOHNSON BADAIKI, Appellant

## V.

## PINE FOREST PARK PLACE, AND AMERICAN EAGLE AUTO STORAGE, Appellees

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1092824**

## MEMORANDUM OPINION

Fidelis Johnson Badaiki, pro se, sued Bryan Miller d/b/a Classic Towing LLC,[1] Pine Forest Park Place, and American Eagle Auto Storage for violations of the Texas Towing and Booting Act. *See* Tex. Occ. Code §§ 2308.001, 2308.404. After a bench trial, the trial court rendered judgment in favor of Badaiki and

---

[1] Prior to trial Badaiki non-suited his claims against Bryan Miller d/b/a Classic Towing LLC.

awarded him damages under the Act. Badaiki appeals the trial court's judgment asserting that the trial court erred in failing to award (1) statutory damages under section 2308.404(c) of the Occupations Code, (2) damages for injury to his vehicle's suspension system alleged to have occurred when his vehicle was towed, (3) prejudgment interest, and (4) post-judgment interest. *See* Tex. Occ. Code § 2308.404(c). No appellee's brief has been filed.

## GENERAL LEGAL PRINCIPLES

A judgment shall conform to the pleadings. Tex. R. Civ. P. 301; *see also Mullen v. Roberts*, 423 S.W.2d 576, 579 (Tex. 1968) ("It is a rule that . . . a default judgment . . . must accord with the pleadings."). "[A]s a general rule plaintiffs are required to plead for prejudgment intertest sought at common law as an element of damages, whereas statutory or contractual interest may be predicated on a prayer for general relief." *Benavidez v. Isles Const. Co.*, 726 S.W.2d 23, 25 (Tex. 1987). Exemplary damages must be specifically pleaded. *See* Tex. R. Civ. P. 56; *see also First Nat'l Bank of Irving v. Shockley*, 663 S.W.2d 685, 691 (Tex. App.—Corpus Christi-Edinburg 1983, no writ) ("Since plaintiff's petition did not allege that the alleged misconduct by the bank was committed knowingly, the trial court could not and our Court cannot deem such an allegation as proved or confessed."). "It is impermissible in a default judgment to render judgment for damages in excess of the damages specifically pleaded." *Capitol Brick, Inc. v. Fleming Mfg. Co., Inc.*, 722 S.W.2d 399, 401 (Tex. 1986).

In a no-answer default judgment, a judgment may be entered on the pleadings alone, and all facts properly pled are deemed admitted. *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.). "For liquidated damages, a trial court can render default judgment if it can verify the damages by referring to the allegations in the petition and the written instruments."

2

*Id.* (citing Tex. R. Civ. P. 241). For unliquidated damages the trial court must hear evidence. Tex. R. Civ. P. 243; *see also Whitaker*, 218 S.W.3d at 220. "[A] defaulting defendant does not admit that the event sued upon caused any of plaintiff's alleged injuries." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984). "The causal nexus between the event sued upon and the plaintiff's injuries must be shown by competent evidence." *Id.*

Under section 2308.404 of the Texas Towing and Booting Act:

(a) A towing company, booting company, or parking facility owner who violates this chapter is liable to the owner or operator of the vehicle that is the subject of the violation for:

    1) Damages arising from the removal, storage, or booting of the vehicle; and

    2) Towing, storage, or booting fees assessed in connection with the vehicle's removal, storage, or booting.

. . .

(c) A towing company, booting company, or parking facility owner who intentionally, knowingly, or recklessly violates this chapter is liable to the owner or operator of the vehicle that is the subject of the violation for $1,000 plus three times the amount of fees assessed in the vehicle's removal, towing, storage, or booting.

Tex. Occ. Code § 2308.404.

**BACKGROUND**

Badaiki filed suit in the justice court and appealed to the county civil court at law, de novo. In his original petition in the justice court, which became part of the record in the county civil court at law, Badaiki requested $294.16 for the costs of the tow and the storage fees assessed, as well as $20.00 for the costs of the photographs. Badaiki attached the receipt for payment of the towing and storage fees. Badaiki did not allege or plead that appellees Pine Forest Park Place and American Eagle Auto Storage "knowingly, intentionally, or recklessly" violated

3

the Towing and Booting Act. There is also no general prayer for relief contained in the petition.

Just before trial, Badaiki non-suited Bryan Miller d/b/a Classic Towing LLC. The trial court conducted a bench trial and rendered judgment in favor of Badaiki against Pine Forest Park Place and American Eagle Auto Storage for $314.16 in "Towing and Storage Charges." Badaiki filed a motion to modify the judgment requesting that the trial court modify the final judgment to include prejudgment and post-judgment interest, damages to the vehicle's suspension system, and statutory damages under section 2308.404(c). The trial court denied Badaiki's motion.

### BADAIKI'S PLEADINGS

Badaiki did not allege or plead any facts that would establish that Pine Forest and American Eagle "knowingly, intentionally, or recklessly" violated the Towing and Booting Act. *See Shockley*, 663 S.W.2d at 691; *see also Whitaker*, 218 S.W.3d at 220. Badaiki also failed to plead any damages to his vehicle alleged to have occurred when his vehicle was towed. Thus, neither the trial court nor this court can deem such allegations as proven or confessed.[2] *See Shockley*, 663 S.W.2d at 691. Badaiki similarly failed to plead for prejudgment or post-judgment interest in his petition. *See Benavidez*, 726 S.W.2d at 25. As a result, the petition did not state a cause of action for these additional damages against appellees and the trial court did not err in failing to award such damages.[3] *See* Tex. R. Civ. P.

---

[2] Even if the pleading was sufficient to give fair notice of such a claim, Badaiki has failed to point to evidence in the record demonstrating, as a matter of law, all vital facts in support of the issue or that the adverse finding is against the great weight and preponderance of the evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241–42 (Tex. 2001).

[3] Even if the petition could be construed to request prejudgment interest, the decision of whether to award prejudgment interest under equitable principles is within the trial court's discretion. *Henry v. Masson*, 453 S.W.3d 43, 49 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

301; *see also Shockley*, 663 S.W.2d at 691 ("[T]he plaintiff's petition did not allege that any of the alleged misconduct . . . was committed *knowingly*. The petition did not state a cause of action for these 'additional damages' . . . the default judgment for these 'additional damages' cannot stand.").

## CONCLUSION

We overrule Badaiki's sole issue on appeal and affirm the judgment of the trial court.

/s/     Ken Wise
        Justice

Panel consists of Justices Wise, Jewell, and Poissant.

---

Badaiki has failed to show that the trial court abused its discretion in not awarding him prejudgment interest. *See id.* at 49–50 (where serious and genuine dispute regarding ultimate liability existed, decision not to award prejudgment interest under equitable principles was not abuse of discretion); *Pickens v. Alsup*, 568 S.W.2d 742, 744 (Tex. App.—Austin 1978, writ ref'd n.r.e.) (same). Other than arguing his entitlement to prejudgment interest, Badaiki has not shown how the trial court abused its discretion in failing to award him prejudgment interest. On the record here we cannot conclude that the trial court's decision was so arbitrary or unreasonable as to amount to a clear error of law. *See Henry*, 453 S.W.3d at 50.