**In re Mark H. HENRY, M.D., Relator.**

**Mark H. Henry, M.D., Appellant**

**v.**

**Marcos V. Masson, M.D., Appellee.**

**Nos. 01–11–00840–CV, 01–11–00915–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 3, 2012.

Rehearing Overruled Sept. 18, 2012.

---

**722**

George R. Gibson, Nathan Sommers Jacobs, P.C., Houston, TX, for Real Party Interest.

Timothy A. Hootman, Houston, TX, for Relator.

Panel consists of Justices KEYES, BLAND, and SHARP.

## OPINION

EVELYN V. KEYES, Justice.

This case concerns breaches of a settlement agreement that attempted to resolve the differences between appellant, Mark Henry, and appellee, Marcos Masson. A jury found that both parties materially breached the Settlement Agreement, but it awarded damages only to Masson. In a previous opinion in this case, we affirmed the verdict in favor of Masson and reversed the trial court's ruling that Henry take nothing on his claim of breach. We remanded in part for further proceedings in accordance with our opinion. *See Hen-* *ry v. Masson,* 333 S.W.3d 825, 850 (Tex. App.-Houston [1st Dist.] 2010, no pet.).

On remand, Henry moved to amend the trial court's judgment to reflect a $150,000 credit, to which we had determined he was entitled. In response, Masson moved to sever Henry's claim for the credit from Masson's own $100,000 jury award. The trial court granted Masson's motion to sever, which finalized the part of the judgment in favor of Masson, and it assigned a new cause number to Henry's claim. Henry filed both a petition for writ of mandamus and an appeal, contending that the trial court abused its discretion in granting the motion to sever.

We deny Henry's petition for writ of mandamus. Regarding the direct appeal, we vacate the trial court's severance order and remand the case to the trial court with instructions that the court enter a final judgment that reflects the credit of $150,000 in favor of Henry, offset by the $100,000 award in favor of Masson.

## Background

We addressed the merits of the breach of the Settlement Agreement dispute between Henry and Masson in our prior opinion in this case. We provide a brief summary of the underlying facts and of our prior opinion to place this subsequent procedural dispute in context.

Henry and Masson used to be partners in an orthopedic surgery practice. In 2003, Masson sued Henry for breach of contract, breach of fiduciary duty, business disparagement, defamation, and declaratory and injunctive relief. Henry counterclaimed for breach of contract, breach of fiduciary duty, conversion, and fraud. Several months later, in a separate lawsuit, Henry sued Masson and two entities they had previously formed to conduct transactions concerning a piece of property known

as the Hepburn Estates. The trial court eventually consolidated these two lawsuits.

On March 19, 2004, Henry and Masson entered into a Settlement Agreement, which contained various provisions and requirements intended to aid the parties in winding up their partnership. The Settlement Agreement also contained a provision requiring Henry to transfer his ownership interest in the Hepburn Estates to Masson in exchange for $150,000 in cash. The parties agreed to release all claims that they had against each other, except for agreements made in the Settlement Agreement itself.

After Henry failed to meet a crucial deadline set forth in the Settlement Agreement for providing windup documents to Masson, Masson separated his practice from Henry's. Henry subsequently transferred his interest in the Hepburn Estates to Masson as required by the Settlement Agreement, but Masson did not pay the required $150,000 to Henry in exchange. Both parties then amended their petitions to add causes of action for breach of the Settlement Agreement.

On November 15, 2004, a jury found that both Henry and Masson had materially breached the Settlement Agreement, but that Henry had materially breached first. *See id.* at 831. The jury awarded $75,000 in damages and $25,000 in attorney's fees to Masson for the breach. *Id.* at 832. The trial court did not immediately enter final judgment, however. Instead, it retained jurisdiction over the dispute pending the winding up of the partnership. *Id.* at 831.

On March 6, 2006, a year and a half after the jury trial on breach of the Settlement Agreement, Masson moved for summary judgment on, among other claims, Henry's claim that he was entitled to $150,000 for transferring his interest in the Hepburn Estates to Masson, arguing that this claim was released by the Settlement Agreement. *Id.* at 832. The trial court agreed and rendered summary judgment against Henry "due to the settlement and release agreement dated March 19, 2004 signed by Masson and Henry." *Id.*

On November 17, 2006, two years after the trial, the trial court issued an order concluding, as a matter of law, that because the jury had found that Henry had materially breached the Settlement Agreement first, Masson was excused from further performance under the Agreement. *Id.* The court noted that it was undisputed that Henry had transferred his interest in the Hepburn Estates to Masson and that Masson had not paid the $150,000 that he had promised in the Settlement Agreement in exchange for Henry's interest. *Id.* On December 21, 2006, the trial court issued another order "hold[ing] that the settlement agreement is indivisible and that therefore Henry is not entitled to a credit of $150,000 for the transfer of the Hepburn Estate[s]" to Masson. *Id.*

The trial court rendered final judgment on May 21, 2007. This judgment incorporated, among other things, the jury verdict, the summary judgment ruling that Henry was not entitled to a $150,000 credit for the Hepburn Estates, and the trial court's November 17, 2006 and December 21, 2006 orders. *Id.* Both parties appealed various portions of the trial court's judgment.

On appeal, Henry challenged the sufficiency of the evidence supporting the $100,000 jury award in favor of Masson on his breach of the Settlement Agreement claim. We affirmed this portion of the trial court's judgment. *See id.* at 838–39. Henry also argued that the trial court erred in (1) not awarding him a $150,000 credit because he transferred his interest in the Hepburn Estates to Masson pursuant to the Settlement Agreement and Mas-

son never paid him as required by the Agreement and (2) rendering summary judgment in favor of Masson on this claim on the basis that the release provision in the Agreement precluded the claim. We sustained both of these issues. *See id.* at 839–46.

We noted that, generally, if a party materially breaches a contract, the non-breaching party is excused from further performance, but, if the non-breaching party insists on further performance after the breach, the contract continues in effect, both parties remain bound by the terms of the contract, and the nonbreaching party is not excused from further performance. *See id.* at 840–41. We concluded that, after Henry's material breach of the Settlement Agreement, Masson retained the benefits of the Agreement, including title to the Hepburn Estates, without paying for Henry's interest, while treating the Agreement as continuing for the purpose of winding up the partnership. *Id.* at 841. We held, as a matter of law, that because he continued to benefit from the Settlement Agreement, Masson was not excused from performing his duties under the Agreement and, therefore, "Masson was obligated to pay Henry $150,000 for the Hepburn Estates under the plain terms of the Settlement Agreement." *Id.* at 841–42.

Regarding the trial court's summary judgment ruling that the release provision of the Settlement Agreement precluded Henry from recovering $150,000 for his interest in the Hepburn Estates, we concluded that the parties released all claims against each other "except for those set forth in the agreements made in the Settlement Agreement itself." *Id.* at 845. Henry's claim for payment "arose out of the express agreement in the Settlement Agreement itself that Henry transfer title to the Hepburn Estates to Masson and

that Masson pay him $150,000 for the property," and, therefore, Henry's claim was not released by the Agreement. *Id.* Because Masson accepted title to the Hepburn Estates, he became obligated to pay $150,000 for that interest pursuant to the Settlement Agreement, and the release provision did not discharge this duty. *Id.* We held that the trial court's summary judgment rulings and subsequent related orders, which precluded Henry from recovering $150,000 due to the release provision, were erroneous. *Id.* at 846. We "remand[ed] the case to the trial court for further proceedings in accordance with this opinion." *Id.* at 850. Neither party sought further review before the Texas Supreme Court.

Our mandate for the prior opinion issued on March 10, 2011. In the mandate, we reversed the portions of the trial court's judgment that ordered that Henry take noting on his claims against Masson and that "incorporate[d] the trial court's summary judgment orders and render[ed] summary judgment in favor of [Masson], dismissing [Henry's] claim for payment for the transfer of his interest in the Hepburn Estates property." We affirmed the remainder of the judgment and "remand[ed] the case to the trial court for further proceedings."

Shortly thereafter, Henry moved the trial court to amend its final judgment to reflect his entitlement to a $150,000 credit for the transfer of his interest in the Hepburn Estates. In response, Masson moved to sever Henry's claim from his own claim for breach of the Settlement Agreement that we had affirmed on appeal. Masson argued that, if severed, his jury award against Henry would become final, and Henry's pending claim could proceed to a new trial. The trial court denied Henry's motion to amend the judgment, granted Masson's motion to sever, and severed

Henry's claim for payment into a separate cause number.

After the trial court granted Masson's motion, Henry filed a petition for writ of mandamus in this Court, which was assigned appellate cause number 01–11–00840–CV, seeking to compel the trial court to vacate its severance order. Henry subsequently filed a direct appeal, which resulted in appellate cause number 01–11–00915–CV. Henry's argument in the direct appeal is substantively identical to the contention presented in his mandamus petition.

## Severance Order

In his petition for writ of mandamus and in his sole issue on direct appeal, Henry contends that the trial court erroneously severed his claim for a $150,000 credit for his interest in the Hepburn Estates from Masson's jury award for breach of the Settlement Agreement, and he requests that we vacate the court's severance order. We first address the appropriate procedural vehicle—mandamus relief or direct appeal—for raising this contention.

### A. Propriety of Mandamus Relief

Mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 421 (Tex.2010) (per curiam). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex.2003) (per curiam) (quoting *CSR, Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996)). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex.2004).

When a trial court severs a lawsuit, two or more independent suits result, and each suit leads to its own final appealable judgment. *Beckham Grp., P.C v. Snyder*, 315 S.W.3d 244, 245 (Tex.App.-Dallas 2010, no pet.); *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 93 (Tex.App.-San Antonio 2011, no pet. h.) ("When a severance is granted, the separated causes proceed to individual judgments—judgments that are separately final and appealable. In other words, after a severance, there are two separate causes resulting in two separate judgments."). Depending on when in the course of the lawsuit the severance occurs, a severance order may be interlocutory, in which case, "mandamus is the appropriate avenue by which to seek review" of the order. *Snyder*, 315 S.W.3d at 245–46 (holding court lacked jurisdiction over appeal of interlocutory order severing intervenor's attorney's fees claim from divorce proceeding when no final judgment rendered on attorney's fees); *In re Liu*, 290 S.W.3d 515, 518 (Tex.App.-Texarkana 2009, orig. proceeding) (holding, "Mandamus is the appropriate avenue by which a party may seek review of a trial court's order regarding severance" when relator sought pre-trial severance of claims against him from plaintiff's claims against other defendants on basis that claims were separate and distinct). In some situations, however, "the granting of a severance makes the judgment in the severed portion of the case final for purposes of appellate jurisdiction regardless of whether the severance was proper." *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441, 443 (Tex.Civ. App.-Dallas 1980, writ ref'd n.r.e.) (holding severance after trial court rendered partial summary judgment in favor of defendants on two issues created final and appealable order); *see also Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001) (holding that judgment is final for purposes of

appeal if it disposes of all pending parties and claims).

In the prior appeal, we affirmed the trial court's judgment on the jury verdict awarding $100,000 to Masson on his claim for breach of the Settlement Agreement. *Henry*, 333 S.W.3d at 839. We also reversed the trial court's legal ruling in its post-trial orders that Henry was not entitled to receive $150,000 for the transfer of his interest in the Hepburn Estates to Masson, held that Masson was obligated, as a matter of law, to pay $150,000 to Henry pursuant to the Settlement Agreement, and remanded Henry's claim to the trial court "for further proceedings in accordance with this opinion." *Id.* at 841–42, 845–46, 850. On remand, Masson sought, and the trial court granted, severance of Henry's claim for payment from Masson's jury award. This severance order, whether proper or improper, finalized Masson's claim against Henry, allowing Masson to seek execution on that judgment. Thus, the trial court's severance order created a final judgment, from which Henry could, and did, appeal immediately to challenge the propriety of the severance order.

Because, under the facts of this case, Henry had an adequate remedy by appeal after the trial court granted Masson's motion to sever, we conclude that mandamus relief is not appropriate and that direct appeal is the proper procedural mechanism for challenging this severance order. We therefore deny Henry's petition for writ of mandamus, appellate cause number 01–11–00840–CV.

### B. *Propriety of Severance Order*

■ We review a trial court's ruling on a severance order for an abuse of discretion. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990) ("The trial court's decision to grant a severance will not be reversed unless it has abused its discretion."); *Dali-*

*sa, Inc. v. Bradford*, 81 S.W.3d 876, 879 (Tex.App.-Austin 2002, no pet.) ("[T]rial courts have broad authority and their decisions to grant or deny a severance will not be reversed on appeal absent an abuse of discretion."). Generally, a trial court properly exercises its discretion in severing claims when (1) the controversy involves more than one cause of action; (2) the severed claim is one that could be asserted independently in a separate lawsuit; and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues. *Liu*, 290 S.W.3d at 520.

■ When addressing the propriety of the trial court's severance order in this particular case, however, we must also consider the effect of our opinion in the previous appeal. On remand, the district court has a mandatory, ministerial duty under our mandate to give effect to our judgment and to "conduct any further proceedings necessary to dispose of the cause in a manner 'consistent with [the appellate court's] opinion.'" *See Tex. Health & Human Servs. Comm'n v. El Paso Cnty. Hosp. Dist.*, 351 S.W.3d 460, 472 (Tex. App.-Austin 2011, pet. filed); *Tex. Parks & Wildlife Dep't v. Dearing*, 240 S.W.3d 330, 347 (Tex.App.-Austin 2007, pet. denied) ("Upon receiving the appellate court's mandate, the lower court has a mandatory, ministerial duty to enforce the appellate court's judgment. It has no discretion to review, interpret, or enforce the mandate, but, instead, [it] must carry out the mandate.").

■ When we remand a case and limit the subsequent proceedings to a particular issue, the trial court is restricted to a determination of that particular issue. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986). "Thus, in a subsequent appeal, instructions given to a trial court in

the former appeal will be adhered to and enforced." *Id.* When interpreting our mandate, the trial court "should look not only to the mandate itself, but also to the opinion of the [appellate] court." *Id.; Simulis, L.L.C. v. Gen. Elec. Capital Corp.,* —— S.W.3d ——, ——, 2011 WL 505334 (Tex.App.-Houston [14th Dist.] 2011, pet. denied); *Freightliner Corp. v. Motor Vehicle Bd. of Tex. Dep't of Transp.,* 255 S.W.3d 356, 363 (Tex.App.-Austin 2008, pet. denied) ("The opinion of the appellate court is instructive in interpreting any limitations placed on the scope of the remand.").

▇▇▇ Generally, if we reverse and remand a case for further proceedings and our mandate is not limited by special instructions, "the effect is to remand the case to the lower court on all issues of *fact,* and the case is reopened in its entirety." *Simulis,* —— S.W.3d at —— (emphasis added). However, issues of *law* are governed by the "law of the case" doctrine. *See Brown & Brown of Tex., Inc. v. Omni Metals, Inc.,* 317 S.W.3d 361, 373 (Tex. App.-Houston [1st Dist.] 2010, pet. denied). The law of the case doctrine "is defined as 'that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages.'" *Id.* (quoting *Loram Maint. of Way, Inc. v. Ianni,* 210 S.W.3d 593, 596 (Tex.2006)). Under this doctrine, a court of appeals is ordinarily bound by its initial decision if there is a subsequent appeal in the case. *Briscoe v. Goodmark Corp.,* 102 S.W.3d 714, 716 (Tex.2003); *Brown & Brown,* 317 S.W.3d at 373. "By narrowing the issues in the successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision, judicial economy, and efficiency." *Brown & Brown,* 317 S.W.3d at 373 (quoting *Briscoe,* 102 S.W.3d at 716). The doctrine is aimed at bringing finality to litigation. *Briscoe,* 102 S.W.3d at 716; *Brown & Brown,* 317 S.W.3d at 373. It is an exception to the law of the case doctrine, however, that the original decision was clearly erroneous. *Brown & Brown,* 317 S.W.3d at 373.

Here, in our previous opinion, we affirmed the trial court's judgment concerning Masson's claim for breach of the Settlement Agreement, and we upheld the $100,000 jury award in Masson's favor. *See Henry,* 333 S.W.3d at 834–39. We also concluded that, as a matter of law, the trial court erred in not awarding Henry a $150,000 credit in the final judgment for his tender of the Hepburn Estates to Masson pursuant to the Settlement Agreement and that the trial court erroneously rendered summary judgment precluding Henry's claim for payment based on the "settlement and release agreement." *See id.* at 839–46. With respect to Henry's claim for payment, we ultimately "remand[ed] the case to the trial court for further proceedings in accordance with this opinion." *Id.* at 850. Because neither party filed a motion for rehearing or a petition for review with the Texas Supreme Court challenging these holdings, our ruling became the law of the case and controlling on remand. *See Loram Maint.,* 210 S.W.3d at 596; *Brown & Brown,* 317 S.W.3d at 373.

Nevertheless, after we remanded Henry's claim for the $150,000 credit for further proceedings in accordance with our opinion, Masson moved the trial court to sever Henry's claim to finalize his $100,000 jury award against Henry and to schedule Henry's claim for a new jury trial. The trial court agreed and granted Masson's motion to sever, assigning a new cause number to Henry's claim.

In this appeal, Masson argues that a retrial of Henry's claim is mandatory because (1) our mandate "remands the case

to the trial court for further proceedings," which requires a retrial under Texas Rule of Appellate Procedure 44.1(b),[1] and (2) Henry's claim for breach of the Settlement Agreement was submitted to a jury and, because the jury found that Henry committed the first material breach, it did not answer the jury question concerning Henry's damages.

We conclude that Masson misconstrues both our prior opinion and Rule 44.1(b) and that the trial court erred in granting Masson's motion to sever and in assigning a new cause number to Henry's claim so that it could be retried. Prior to the initial appeal in this case, the jury found that Masson breached the Settlement Agreement, but the trial court later ruled as a matter of law that Henry was not entitled to a $150,000 credit for transferring his interest in the Hepburn Estates to Masson because the Settlement Agreement released that claim.

In considering this case on remand, the trial court was bound by the law of the case. *See Briscoe*, 102 S.W.3d at 716; *Brown & Brown*, 317 S.W.3d at 373. When we remand a case and do not include special instructions in our mandate, "the effect is to remand the case to the lower court *on all issues of fact* ..." *Simulis*, —— S.W.3d at —— (emphasis added); *see also Hudson*, 711 S.W.2d at 630 (holding that "law of the case" doctrine "only applies to questions of law and does not apply to questions of fact"); *Dearing*, 240 S.W.3d at 348 (observing that "law of the case" doctrine "does not extend to questions of fact"). Here, there are no factual questions to resolve concerning Henry's entitlement to $150,000 for the Hepburn Estates, because we previously concluded,

as a matter of law, that Henry is entitled to this amount, and it is undisputed that it was never paid. Masson did not challenge this holding in a motion for rehearing or in a petition for review. Thus, the trial court on remand is bound by our previous legal conclusion that Masson is obligated to pay Henry $150,000 for the Hepburn Estates.

We conclude that, under the facts of this case, Masson is obligated to pay Henry $150,000 for the Hepburn Estates and that this amount is offset by the damages awarded to Masson. The trial court erred in granting Masson's motion to sever and in setting Henry's claim for an eventual jury trial separate from the other issues resolved in the first appeal.

We sustain Henry's sole issue on appeal.

### Masson's Motion to Dismiss

Masson moved to dismiss Henry's appeal, contending that this Court lacks jurisdiction because (1) we have already affirmed Masson's claims against Henry, (2) Henry did not timely file a motion for rehearing or petition for review of our previous opinion, and (3) Henry seeks to appeal Masson's claims, which is barred by res judicata. We deny this motion.

Masson assumes that, in this appeal, Henry seeks to re-litigate our previous decision affirming the $100,000 jury award in favor of Masson on his claim for breach of the Settlement Agreement. We do not so construe Henry's motion for entry of judgment in the trial court or his appeal from the trial court's severance order. Henry challenges the trial court's decision on remand not to amend its prior judgment by entering a judgment awarding him $150,000 and its decision, instead, to

---

1. Texas Rule of Appellate Procedure 44.1(b) provides, "If the error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error." Tex.R.App P. 44.1(b).

sever his claim for payment for the transfer of his interest in the Hepburn Estates to Masson from Masson's jury award so that Henry's claim could proceed to a new trial. Henry does not argue that our prior decision regarding Masson's jury award is incorrect; rather, he argues that, by severing the claims, the trial court erroneously disregarded our holding that Henry is entitled to a $150,000 credit for the Hepburn Estates that must be offset by the jury's breach of contract verdict.

We agree with Henry, and, therefore, we deny Masson's motion to dismiss.

### Conclusion

We lift the temporary stays entered on October 7, 2011, and October 17, 2011, in appellate cause number 01–11–00840–CV and deny Henry's petition for writ of mandamus. We deny Masson's motion to dismiss filed in appellate cause number 01–11–00915–CV. We vacate the trial court's severance order in appellate cause number 01–11–00915–CV, render judgment that Henry is entitled to $150,000 on his breach of contract claim, offset by the $100,000 to which Masson is entitled on his claim for breach of contract, and remand the case to the trial court with instructions that the court enter final judgment for Henry in the amount of $50,000, plus such other further relief to which he is entitled. All pending motions are dismissed as moot.