Opinion issued August 30, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00254-CV

———————————

## ELIZABETH A. LOUSTEAU AND BRETT CLANTON, Appellants

## V.

## JAIME L. NORIEGA AND SONIA A. NORIEGA, Appellees

---

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2013-35448-B

---

## MEMORANDUM OPINION

Appellants, Elizabeth A. Lousteau and Brett Clanton, challenge the trial court's judgment, entered after a jury trial, in favor of appellees, Jaime L. Noriega and Sonia A. Noriega ("the Noriegas"), in the Noriegas' declaratory-judgment

action against Lousteau and Clanton.[1]  In seven issues, Lousteau and Clanton contend that the trial court erred in submitting a question to the jury on an immaterial fact; disregarding the jury's finding on a material fact; concluding that their affirmative defense was not tried by consent; not issuing a final judgment; awarding damages; and severing the case.

We reverse and remand.

## Background

In their "First Amended Petition for Bill of Review, Application for Injunctive Relief, and Suit for Declaratory Relief,"[2] the Noriegas asserted that Lousteau and Clanton had sued them for trespass and nuisance, alleging that water runoff from a structure on the Noriegas' property (the "Goldenrod property") had caused flooding that damaged Lousteau and Clanton's adjacent property.[3]  After the trial court signed a default judgment in their favor, Lousteau and Clanton obtained a writ of execution on the Goldenrod property, and they purchased it at a

---

[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 (Vernon 2015).

[2]  *Jaime L. Noriega and Sonia A. Noriega v. Elizabeth A. Lousteau and Brett Clanton*, No 2014-14152 (151st Dist. Ct., Harris Cty., Tex.).  "A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999); *see also Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 280 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("A bill of review is a new suit filed in same court [that] render[ed] the original judgment.").

[3]  *Elizabeth A. Lousteau and Brett Clanton v. Jaime L. Noriega and Sonia A. Noriega*, No. 2013-35448 (151st Dist. Ct., Harris Cty., Tex.).

2

constable's sale on March 4, 2014. In their petition for bill of review, the Noriegas argued that they were entitled to have the default judgment and the "sheriff's/constable's sale and deed set aside" because they were not served with Lousteau and Clanton's lawsuit. They asserted that they did not become aware of the lawsuit until their tenant at the Goldenrod property "told them that Lousteau had come over and stated that she [had] bought the property" and directed the tenant to leave. The Noriegas also sought a declaration that the Goldenrod property is their homestead and "thus exempt from seizure and execution." And they requested a temporary injunction to enjoin Lousteau and Clanton from accessing or taking any action regarding the Goldenrod property; disturbing the Noriegas' tenant or taking any rents; encumbering or transferring the property; or filing their constable's deed in the real property records. In their supplemental petition, the Noriegas brought a wrongful-execution claim against Lousteau and Clanton, seeking damages for lost rental income accruing since April 2014 and "the costs to repair physical changes [that Lousteau and Clanton] ha[d] made to the [p]roperty during their possession of it via the constable's deed."

In their third amended answer, Lousteau and Clanton generally denied the Noriegas' allegations and abandoned their previous counterclaim and affirmative defenses. Subsequently, however, Lousteau and Clanton filed a written

3

"Stipulation" that the Noriegas had "not [been] served with process" in the underlying suit for trespass and nuisance.

On November 4, 2014, the Noriegas, "[b]ased on" Lousteau and Clanton's stipulation, filed a "Pre-Trial Motion to set Aside Default Judgment, Execution and Constable's Deed," in which they re-urged their petition for bill of review. They asserted that the trial court "should set aside" the default judgment and "should likewise and necessarily set aside and void the writ of execution issued thereon and the purported Constable's Deed issued pursuant to the writ of execution on the default judgment."

On November 7, 2014, the trial court signed an order[4] setting aside its default judgment, as follows:

> On this day, the Court considered the [Noriegas'] Pre-Trial Motion to set Aside Default Judgment, Execution and Constable's Deed. . . . Having considered the motion, the response, if any, admissions of the parties, arguments of counsel, and the applicable law, the Court is of the opinion that [the] motion is well taken and should be and is hereby GRANTED.
>
> IT IS THEREFORE ORDERED that the Final Order on Motion[] for Default Judgment . . . [is] hereby set aside, and [is] VOID AB INITIO.

---

[4] Documents relevant to the trial court proceedings underlying this appeal are included in the clerk's record filed in this Court's Cause No. 01-15-00341-CV, *Elizabeth A. Loustea and Brett Clanton v. Jaime L. Noriega and Sonia A. Noriega*. We may take judicial notice of our own records involving the same parties and subject matter. *See Douglas v. Am. Title Co.*, 196 S.W.3d 876, 877 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

4

Later the same day, the parties tried to a jury the Noriegas' declaratory action. The parties argued to the jury[5] that the "sole" issue for it to "decide and confirm" was whether the Goldenrod property was the Noriegas' homestead. And the trial court instructed the jury to answer the following questions:

**Question No. 1**
Do you find that the real property and improvements commonly known as [the Goldenrod property] was the homestead of [the Noriegas] when they purchased the property in December 1994?

. . . .

Answer: Yes

**Question No. 2**
Do you find that the real property and improvements commonly known as [the Goldenrod property] was the homestead of [the Noriegas] on March 4, 2014?

. . . .

Answer: No

Subsequently, on December 22, 2014, the trial court signed an "Interlocutory Judgment," noting that trial was had to a jury on "the limited issue of whether the [Goldenrod property] was [the Noriegas'] homestead." The trial court concluded

---

[5] In her opening statement to the jury, counsel for the Noriegas noted, "[T]he only issue we're bringing to you today is to decide and confirm that the 314 Goldenrod property is the Noriegas' homestead. You're only going to hear my case." In her opening statement to the jury, counsel for Lousteau and Clanton noted, "The sole issue for you to decide today is whether or not 314 Goldenrod was declared as the [Noriegas'] homestead on March 4th, 2014." And in closing, counsel for Lousteau and Clanton emphasized, "So you are here to determine whether the Noriegas . . . showed you [by] a preponderance of the evidence that this property was not just their home, but was their homestead in December of 1994. And . . . whether it was their homestead on March 4th of 2014."

that the jury's answer to the first question was "material and dispositive" and its answer to the second question was "immaterial" and "disregarded." The trial court noted that it had, by its November 7, 2014 order, already "set aside the underlying default judgment," "as well as released the bonds and other monies in the registry of the Court to [the Noriegas]." However, "[t]o the extent that is not clear in the November 7, 2014 Order, the same is hereby" ordered. And the trial court set aside the constable's deed as "void ab initio," restoring "[a]ll property rights" in the Goldenrod property to the Noriegas and ordering that Lousteau and Clanton turn over possession of the property to the Noriegas.

On February 13, 2015, the trial court signed an order[6] consolidating, under cause number 2013-35448, Lousteau and Clanton's trespass and nuisance suit (cause number 2013-35448) and the Noriegas' bill of review, declaratory-judgment action on the homestead issue, and wrongful-execution claim for damages (cause number 2014-14152). In its order, the trial court explained:

> After completion of a limited jury trial on [the Noriegas']
> declaratory judgment cause of action regarding whether [the
> Goldenrod property] was [the Noriegas'] homestead at times material
> to the suit, the Court entered an Interlocutory Judgment on December
> 22, 2014. The Interlocutory Judgment generally held, among other
> things, that [the Goldenrod property] was and is [the Noriegas']
> homestead and that, for the reason stated therein, they were entitled
> to the return of the home (rather than having to sue for its fair market
> value) under the authority of *Salomon v. Lesay*, 369 S.W.3d 540,
> 554–57 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Further,

---

[6]     *See supra* note 5.

because [Lousteau and Clanton] conceded the bill of review issues immediately before trial, the Court set aside the underlying default judgment in cause number 2013-35548.

> The issues which remain to be tried—and which were dependent on the outcome of the bill of review and declaratory judgment causes of action—include (subject to amendment): (1) any liability and damage claim by [the Noriegas] for wrongful execution; (2) any third party claims . . . ; [and] (3) [Lousteau and Clanton's] claims [for trespass and nuisance] in the underlying lawsuit . . . . It is the Court's desire to try all of these matters together.

The trial court, also on February 13, 2015, then signed an "Order of Severance," stating as follows:

> The Court hereby *sua sponte* severs its December 22, 2014 Interlocutory Judgment regarding [the Noriegas'] Bill of Review and Declaratory Judgment causes of action against [Lousteau and Clanton] from the remainder of this consolidated case.
>
> It is therefore ORDERED that [the Noriegas'] causes of action for Bill of Review and Declaratory Judgment, as adjudicated in the Court's December 22, 2014 Interlocutory Judgment . . . are hereby severed from this consolidated case into a new cause [Cause No. 2013-35448-B].
>
> . . . .
>
> It is further ORDERED that the entry of this Order shall immediately make the Court's December 22, 2014 Interlocutory Judgment . . . into a final and appealable Judgment, disposing of all claims and all parties in that newly severed cause, 2013-35448-B.

On March 11, 2015, the trial court vacated its February 13, 2015 "Order of Severance" "only insofar as it severed the Bill of Review cause of action." The trial court explained:

> The Court's February 13, 2015 Order is hereby UNCHANGED as to the *declaratory judgment cause of action that was tried* in 2014-14152

7

and then consolidated into 2013-35448. The Court's judgment on that cause of action remains final and appealable from within 2013-35448-B.

To be clear, by vacating the February 13, 2015 Order in part, it is the Court's intent and Order that the Bill of Review cause of action is now consolidated back into the 2013-35448 main case where it will sit until it is made part of a final judgment in that case on the remaining issues therein, or until further order of this Court.

(Emphasis added.)

Lousteau and Clanton then filed notices of appeal in trial court cause numbers 2013-35448 and 2013-35448-B, challenging the trial court's December 22, 2014 interlocutory judgment; February 13, 2015 consolidation and severance orders; and March 11, 2015 order. We dismissed the appeal for lack of jurisdiction in trial court cause number 2013-35448. *Lousteau v. Noriega*, No. 01-15-00341-CV, 2015 WL 6081385, at *2–3 (Tex. App.—Houston [1st Dist.] Oct. 13, 2015, no pet.) (mem. op.). The instant appeal is from trial court cause number 2013-35448-B, which contains only the Noriegas' declaratory-judgment action on the homestead issue.

**Severance**

In their fifth issue, Lousteau and Clanton argue that the trial court erred in "not issuing a final judgment" on the Noriegas' claims because "the wrongful execution claim was on the live pleadings at the time of trial"; "the record shows . . . no orders severing/bifurcating it before trial commenced"; and the

8

"record is clear" that the Noriegas "waived" their wrongful-execution claim "by failing to pursue it at trial." In their seventh issue, Lousteau and Clanton argue that the trial court erred in "severing the wrongful execution claim"[7] because it did so "after" the "case" "ha[d] gone to a jury." They assert that the trial court's "severance should be disregarded by this Court and a final judgment that provides a ruling that the wrongful execution was waived in the jury trial should be rendered."

A trial court has broad discretion to order separate trials on certain issues or claims. *See Patterson v. Brewer Leasing, Inc.*, 490 S.W.3d 205, 222 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Barnes v. Deadrick*, 464 S.W.3d 48, 58–59 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A trial court, "in furtherance of convenience or to avoid prejudice[,] may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues." TEX. R. CIV. P. 174(b). A separate trial "leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing." *Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex. 1970). "The order

---

[7]     As discussed above, the trial court, in its "Order of Severance," severed the Noriegas' "causes of action for Bill of Review and Declaratory Judgment, as adjudicated in the Court's December 22, 2014 Interlocutory Judgment." And it subsequently vacated its severance of the bill-of-review action, leaving only the declaratory action in the severed cause. The Noriegas' wrongful-execution claim, which was not "adjudicated," was not severed.

9

entered at the conclusion of a separate trial is often interlocutory, because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided." *Id.*; *see Christopher Columbus St. Mkt. LLC v. Zoning Bd. of Adjustments of City of Galveston*, 302 S.W.3d 408, 414 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Here, as discussed above, the record shows that the trial court and the parties proceeded to a jury trial on the limited issue of determining the Noriegas' declaratory-judgment action on their homestead claim. *See Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 556 (Tex. 2004) (trial court authorized to order separate trial on any issue in interest of convenience or to avoid prejudice); *Christopher Columbus St. Mkt. LLC*, 302 S.W.3d at 413 ("It is clear that the parties and the district court agreed to proceed with the [plaintiffs'] claims under a bifurcated structure with separate proceedings . . . ."); *see also Barnes*, 464 S.W.3d at 59 ("treat[ing] the procedure utilized" by trial court "as a separate trial"). To the extent they complain that the trial court erred in conducting a separate trial on the Noriegas' homestead claim, Lousteau and Clanton do not direct us to any point in the record in which they objected, before or during trial, and thus such complaint is waived. *See* TEX. R. APP. P. 33.1(a) (preservation of complaint for appellate review requires timely request, objection, or motion with sufficient specificity to apprise trial court of complaint); *Christopher Columbus St. Mkt. LLC*, 302 S.W.3d

at 413 (complaint that trial court conducted separate trial of discrete issue waived by failure to object).

After trial of the homestead claim, the trial court signed an "Interlocutory Judgment." *See Hall*, 450 S.W.2d at 838 ("The order entered at the conclusion of a separate trial is often interlocutory, because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided."). Because all the controlling issues in the case, i.e., the wrongful-execution claim for damages, had not been tried and decided, the trial court did not err in not issuing a final judgment in the case. *See id.*

Subsequently, however, the trial court signed an order purporting to sever the Noriegas' homestead claim "to make it final and appealable." Lousteau and Clanton assert that the trial court erred in severing the case "after" it "ha[d] gone to a jury."

Generally, a trial court has broad discretion in the severance of cases, and its decision will not be disturbed absent an abuse of discretion. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990); *In re Henry*, 388 S.W.3d 719, 726 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). The "controlling reasons for a severance are to do justice, avoid prejudice, and further convenience." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658. A trial court properly exercises its discretion in severing claims if (1) the controversy involves more than

11

one cause of action; (2) the severed claim is one that could be asserted independently in a separate lawsuit; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *In re Henry*, 388 S.W.3d at 726. "Severance of a single cause of action into two parts is never proper and should not be granted for the purpose of enabling the litigants to obtain an early appellate ruling on the trial court's determination of one phase of the case." *Pierce v. Reynolds*, 329 S.W.2d 76, 78, 79 n.1 (Tex. 1959). When a trial court severs a lawsuit, two or more independent suits result, and each leads to its own final, appealable judgment. *In re Henry*, 388 S.W.3d at 725.

A trial court is authorized to sever claims on its own motion, so long as the severance is proper under the rules of civil procedure. *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 187 (Tex. App.—Fort Worth 2004, no pet.) (citing *Rice v. Travelers Exp. Co.*, 407 S.W.2d 534, 536 (Tex. Civ. App.—Houston 1966, no writ)). Texas Rule of Civil Procedure 41 provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately.

TEX. R. CIV. P. 41.

"A literal interpretation of [r]ule 41 implies that only complaints about improper joinder must be made prior to the time of submission to the jury." *Arlitt v. Weston*, No. 04-98-00035-CV, 1999 WL 1097101, at \*4 (Tex. App.—San Antonio Dec. 1, 1999, pet. denied) (not designated for publication). And, "[o]therwise, the general rule that [a]ny claim against a party may be severed and proceeded with separately applies, and the motion may be made at any time." *Id.* (internal quotations omitted). However, the Texas Supreme Court has interpreted rule 41 to mean that "all '[p]arties and actions may be severed at any stage of the action, *before the time of submission to the jury.*'" *Id.* (emphasis added) (quoting *State Dep't of Highways and Pub. Trans. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993)); *see* TEX. R. CIV. P. 41. Thus, rule 41 does not "permit a trial court to sever a case *after* it has been submitted to the trier of fact." *Cotner*, 845 S.W.2d at 819 (emphasis added). A trial court abuses its discretion in ordering a severance *after* a jury verdict, "regardless of the [three]-pronged test [for] severability." *Arlitt*, 1999 WL 1097101, at \*4.

Here, the trial court erred in severing the case after the Noriegas' declaratory action on the homestead claim was tried to the jury. *See id.* This Court has held that a post-submission severance constitutes trial court error and does not deprive an appellate court of jurisdiction to consider the appeal. *City of Houston v. Am. Res., Inc.*, No. 01-99-01377-CV, 2002 WL 31941517, at \*1 (Tex. App.—Houston

13

[1st Dist.] Dec. 27, 2002, no pet.) (not designated for publication) ("A trial court's action that is contrary to a procedural rule does not divest a court of appeals of jurisdiction, but may be corrected through the ordinary appellate process or other direct proceedings."); *see also Pierce*, 329 S.W.2d at 78 ("No matter how erroneous its conclusion and action may have been, it was within the judicial power of the court to determine that the cause was severable and to sever the same accordingly."); *Bird v. Lubricants, USA, LP*, No. 2-06-061-CV, 2007 WL 2460352, at *3 (Tex. App.—Fort Worth Aug. 31, 2007, pet. denied) (mem. op.) (denying motion to dismiss for lack of jurisdiction based on improper severance); *Nicor Expl. Co. v. Fla. Gas Transmission Co.*, 911 S.W.2d 479, 482–83 (Tex. App.—Corpus Christi 1995, writ denied) (declining to dismiss for lack of jurisdiction notwithstanding improper severance); *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441, 443 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.) (judgment in severed portion of case final for purposes of appellate jurisdiction regardless whether severance proper).

In *City of Houston*, the city argued that the trial court's severance entered after the case had been submitted to a jury was "void," and its "final" judgment was interlocutory and unappealable. 2002 WL 31941517, at *1. We held that "[o]nly a trial court judgment rendered without 'jurisdictional power' is void." *Id.* (quoting *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 702 (Tex. 1990)). We explained

14

that "[a] trial court's action that is contrary to a procedural rule does not divest a court of appeals of jurisdiction."[8] *Id.* Rather, "an erroneous order of severance may be set aside on appeal." *Id.* And "a judgment that possesses all the attributes of finality cannot be regarded as interlocutory merely because the trial court may have erred in ordering a severance." *Id.*

Here, the trial court fully adjudicated the Noriegas' declaratory action. However, it issued its severance order in contravention of a procedural rule. *See id.*; *see also* TEX. R. CIV. P. 41. Accordingly, we hold that the trial court erred in severing the case.

We overrule Lousteau and Clanton's fifth issue and sustain their seventh issue.

Having concluded that the trial court erred in entering its severance order, we further conclude that the underlying judgment is interlocutory and, thus, we

---

[8] Courts have held that "[t]here is a distinction between those severances that are facially invalid and those that are merely improper." *Nicor Expl. Co. v. Fl. Gas Transmission Co.*, 911 S.W.2d 479, 483 (Tex. App.—Corpus Christi 1995, writ denied); *see also A-Affordable Ins. Agency, Inc. v. AEA Ins. Agency Inc.*, No. 14-09-00879-CV, 2010 WL 2103967, at *1–2 (Tex. App.—Houston [14th Dist.] May 27, 2010, no writ) (mem. op.) (dismissing appeal of severance order where trial court "severed a definition, not a judgment" and did not "dispose of any claims, causes of action, or parties, and [did] not deny or grant any relief"); *Forlano v. Joyner*, 906 S.W.2d 118, 120 (Tex. App.—Houston [1st Dist.] 1995, no writ) (attempted severance of transfer order invalid and not appealable); *H.E. Butt Grocery Co. v. Currier*, 885 S.W.2d 175, 177 (Tex. App.—Corpus Christi 1994, no writ) (attempted severance of preliminary discovery order invalid and not appealable).

lack jurisdiction to reach Lousteau and Clanton's first, second, third, and fourth issues, in which they argue, in regard to the Noriegas' homestead issue, that the trial court erred in submitting question one to the jury because "it was not supported by the pleadings and, thus, was not a controlling question"; disregarding the jury's negative finding in answer to question two because the jury's finding was "material" and the trial court had "no authority to substitute its finding for that of a jury"; and concluding that their abandonment defense was not tried by consent. *See In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 649 (Tex. App.—El Paso 1999, orig. proceeding) (concluding "no jurisdiction to address the remaining points of error since the discovery order would become interlocutory upon rejoining the original suit"); *Tilger v. Samson Homes, Inc.*, No. 14-97-0361-CV, 1999 WL 160995, at *2 (Tex. App.—Houston [14th Dist.] Mar. 25, 1999, pet. denied) (not designated for publication) ("Having determined severance in the court below was improper, we do not reach the remaining issues."); *Nicor Expl. Co.*, 911 S.W.2d at 483 (declining to reach remaining issues after determining that severance was improper); *see also In re B.T.G.*, No. 05-13-00305-CV, 2016 WL 1367073, at *4 (Tex. App. Apr.—Dallas Apr. 6, 2016, no pet.) ("Because the severance was improper, we conclude the divorce decree is interlocutory and issues other than the severance are not properly before us.").

Further, we do not reach Lousteau and Clanton's sixth issue, in which they argue that the trial court erred in "awarding damages" to the Noriegas because "the jury verdict did not award damages." They assert that the "damages awarded (setting aside the sale, handing over the deed, foregoing rental payments on the property) were all sought by [the Noriegas] in relation to the bill of review action or the wrongful writ of execution, both of which were not a part of the trial in this case." Because, as Lousteau and Clanton note, the trial court set aside the writ of execution and the constable's sale and deed "in relation to the bill-of-review action," which, as discussed above, remains in the main suit (trial court cause number 2013-35448), such actions are not before us in this appeal. *See Lousteau*, 2015 WL 6081385, at *2–3.

## Conclusion

We reverse the trial court's severance order and remand the case to the trial court for further proceedings.[9]  We dismiss all pending motions as moot.


Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

---

[9]  *See Owens v. Owens*, 228 S.W.3d 721, 727 (Tex. App.—Houston [14th Dist.] 2006, pet. dism'd) (reversing trial court's severance order and remanding for further proceedings); *Nicor Expl. Co.*, 911 S.W.2d at 483; *see also* TEX. R. APP. P. 43.2.