

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-19-00147-CV

---

SHATARA WRIGHT, Appellant

V.

MICHAEL STEPHEN PAYNE, Appellee

---

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. 16-02115-211

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Wallach
Concurring Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Shatara Wright attempts to appeal from the trial court's order granting the declaratory judgment request of Appellee Michael Stephen Payne, her estranged husband, and holding the couple's marital agreement and two property agreements unenforceable. Their divorce is still pending. We dismiss this appeal for want of jurisdiction.

## BACKGROUND FACTS

After Payne filed a petition for divorce from Wright, he amended his petition to add a declaratory judgment request, asking the trial court to declare the couple's marital agreement and two other property agreements void and unenforceable. The trial court bifurcated the trial, ordering that the declaratory judgment issue would be resolved before all remaining issues in the divorce:

> On the Court's own motion, IT IS ORDERED that *the* Final Trial of this case shall be BIFURCATED as follows:
>
> 1.   IT IS ORDERED that *only* [Payne's] Request for Declaratory Judgment shall be heard by the Court at the Final Trial currently set in this matter for December 10, 2018, at 9:00 a.m.
>
> 2.   IT IS FURTHER ORDERED that the Final Trial of *all other issues* in this case is hereby CONTINUED until a later date.

[Emphasis added.] The trial court did not sever the declaratory judgment portion of the case from the rest of the divorce proceeding.

After a hearing, the trial court signed its "ORDER GRANTING . . . PAYNE'S APPLICATION FOR DECLARATORY JUDGMENT" (declaratory judgment). The declaratory judgment provides,

> On December 12, 2018, this case was called for final trial on the *Application for Declaratory Judgment* as contained within [Payne's] *Second Amended Petition for Divorce and Request for Declaratory Judgment . . . .*
>
> . . . .
>
> ### Declaratory Judgment on Enforceability of Marital Agreement
>
> Based on the foregoing, IT IS THEREFORE ORDERED that [Payne's] Application for Declaratory Judgment is hereby GRANTED as follows.
>
> . . . .
>
> ### Final Judgment
>
> In accordance with the Order for Bifurcated Trial signed by the Court on November 29, 2018, this is a Final Judgment on [Payne's] Application for Declaratory Judgment and is appealable.
>
> ### Date of Judgment
>
> This Order Granting . . . PAYNE's Application for Declaratory Judgment was RENDERED and PRONOUNCED in open Court on December 12, 2018, but SIGNED on [January 24, 2019].

In the declaratory judgment, the trial court found that Payne executed the marital agreement and two other spousal property agreements involuntarily as a result of Wright's "duress, threats, and/or coercion" and declared the three agreements void and unenforceable. On the same day that the trial court signed the declaratory judgment, the trial court also signed a qualified domestic relations order and an order

3

for interim attorney's fees that was later modified. Wright filed a motion for new trial, and the trial court issued written findings of fact and conclusions of law at her request on March 5, 2019 and March 25, 2019. Wright's notice of appeal followed.

## ISSUES

In six issues on appeal, Wright contends that the trial court abused its discretion by "sua sponte bifurcating the Declaratory Judgment Action while continuing the Divorce Action" (Issue 3); by "holding a bifurcated hearing on the Request for Declaratory Judgment, allowing unfair surprise to" her (Issue 6); by going forward with the declaratory judgment hearing when she was experiencing "debilitating anxiety and panic" (Issue 2); by concluding that the three agreements were signed under duress (Issue 1); by ordering that the declaratory judgment is a muniment of title for certain real properties (Issue 4); and by making certain findings of fact (Issue 5). Payne responds that we should first determine our jurisdiction over this appeal.

## DISCUSSION

Payne argues that we do not have "jurisdiction . . . because . . . no statutory basis exists for an interlocutory appeal of a declaratory judgment . . . in a divorce case." Though on notice of this jurisdictional question, Wright did not file a reply brief responding to it, nor did she respond to it in her objection to the submission of this appeal without oral argument. We hold that we lack jurisdiction over this appeal.

4

## I. No Finality

### A. Bifurcation Versus Severance

A bifurcation order, such as the order the trial court issued in this case, "leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same time." *In re United Fire Lloyds*, 327 S.W.3d 250, 254 (Tex. App.—San Antonio 2010, orig. proceeding) (citing *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970)). Severing claims, on the other hand, divides a case "into two or more separate and independent" cases. *Id.*; *see also In re Henry*, 388 S.W.3d 719, 725 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding [mand. denied]).

When a case is severed into two or more cases, each newly created case proceeds to a judgment that is individually final and appealable. *Hall*, 450 S.W.2d at 837–38; *Henry*, 388 S.W.3d at 725. The order signed after a bifurcated trial of an issue, however, "is often interlocutory, because no final and appealable judgment can properly be rendered until *all* of the controlling issues have been tried and decided." *Hall*, 450 S.W.2d at 838 (emphasis added).

The declaratory judgment here does not purport to resolve all the parties' issues. Instead, it purports to resolve only Payne's request for declaratory relief. For example, the declaratory judgment does not characterize the underlying trial it resolves as the entire "final trial"; the declaratory judgment instead characterizes the underlying trial as the final trial on the declaratory judgment request as specified in the

5

bifurcation order. Similarly, the declaratory judgment does not unequivocally state that it is the final judgment. Instead, under the "***Final Judgment***" subheading, "Final Judgment" is limited by language calling it a "Final Judgment" on the declaratory judgment request in compliance with the bifurcation order. The declaratory judgment does not divorce the parties or divide the community estate.

## B. Equivocal, Limited Finality Language

We have appellate jurisdiction of appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it" does. *Id.* at 205; *see also In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (quoting same). If the order's finality language is clear and unequivocal, we do not examine the record. *Elizondo*, 544 S.W.3d at 828, 829. However, if the order's language is ambiguous, we do examine the record to determine finality. *See Pope-Nixon v. Howard*, No. 05-18-01215-CV, 2019 WL 911745, at * 1 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op.) (citing *Elizondo*, 544 S.W.3d at 827–28).

Although the declaratory judgment here includes the words "final" and "appealable," it contains no clear, unequivocal language that the trial court intended it to dispose of all the issues between Payne and Wright. The appearance of either the word "final" or the word "appealable" in an order does not make it final; "[r]ather, there must be some other clear indication that the trial court intended the order to

6

completely dispose of the entire case." *Lehmann*, 39 S.W.3d at 205. The declaratory judgment does not contain "*Lehmann*-like finality" language clearly stating that it is a final judgment disposing of all parties and issues. *Elizondo*, 544 S.W.3d at 825; *see Wilder v. Johnston Custom Homes, Inc.*, No. 02-19-00169-CV, 2019 WL 3436606, at *1 (Tex. App.—Fort Worth July 30, 2019, no pet. ) (per curiam) (mem. op.) ("Neither of the April 30, 2019 Orders states that it is a final order and neither disposes of the Wilders' remaining claims.") (citing *Elizondo*, 544 S.W.3d at 828). The declaratory judgment's finality language is expressly limited and equivocal.

## C. No Disposition of All Issues

A judgment lacking clear finality language must actually dispose of all parties and all issues to be final. *Lehmann*, 39 S.W.3d at 195. When necessary, we review the record to make this determination. *Id.* at 205–06. Here, the appellate record makes clear that the declaratory judgment did not dispose of all parties and all claims. Separate trials were ordered, a severance was not ordered, and the divorce case remains pending. The declaratory judgment is therefore not final. *See In re Guardianship of Moon*, 216 S.W.3d 506, 509 (Tex. App.—Texarkana 2007, no pet.) (holding a motion for separate trial on ownership of bank accounts, an oral rendition limiting the jury trial to those issues, an unsigned form to authorize separate trials, and language in the judgment limiting the relief to "these issues" clearly showed that the trial court did not intend the judgment to finally dispose of all the issues).

7

## II.  No Interlocutory Appealability

In additional to final judgments, we have jurisdiction over appeals from interlocutory orders that the Texas Legislature has specified are appealable.  *Lehmann*, 39 S.W.3d at 195; *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014.  However, the declaratory judgment is not an appealable interlocutory order.  Wright has not demonstrated that a statute justifies an interlocutory appeal of the declaratory judgment, and we know of no statute that permits such an interlocutory appeal.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *Beltran v. Beltran*, No. 08-07-00236-CV, 2007 WL 2963913, at *1 (Tex. App.—El Paso Oct. 11, 2007, no pet.) (mem. op.) (holding interlocutory declaratory judgment in divorce case unappealable); *cf. Twin Creeks Golf Group, L.P. v. Sunset Ridge Owners Ass'n, Inc.*, No. 03-15-00763-CV, 2016 WL 368636, at *1–2 (Tex. App.—Austin Jan. 26, 2016, no pet.) (mem. op.) (holding unappealable an interlocutory partial summary judgment granting declaratory relief); *Waite v. Waite*, 64 S.W.3d 217, 224 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (holding interlocutory order denying declaratory judgment unappealable).

## CONCLUSION

Accordingly, because the declaratory judgment Wright challenges is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).  We likewise dismiss any pending motions for relief.

8

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  November 14, 2019